WARNER, Judge.
Appellant pled nolo contendere in case number 92-7916 to a charge of possession of cocaine, reserving his right to appeal the trial court’s denial of his motion to suppress the physical evidence of the cocaine rocks found at the scene. Because we find that there was no founded suspicion for the stop and that appellant did not abandon the drugs prior to the illegal stop, we reverse his conviction and sentence.
At the hearing on the motion to suppress, the arresting officer testified that he was driving in an area well known for narcotics transactions at about noon on a summer’s day when he observed appellant, a man named Corbin who was alleged to be a narcotics dealer, and a female in a huddle. The officer contradictorily indicated that appellant had “something” in his hand that he was showing the others but that he didn’t see anything in his hand. Because he felt that they were violating the law, the officer determined to investigate further. As he was heading his vehicle in their direction, Corbin alerted appellant, and the three scattered. While the officer originally intended to stop all three, he decided to go after appellant who had jumped on a bicycle. The officer approached in his car with the idea that appellant would not escape him. To effectuate the stop, the officer opened his ear door just as the appellant rode by, causing appellant to strike the car door with the bicycle and fall to the ground. As he fell, the officer testified that appellant threw the bag which contained cocaine to the side.
The officer did not have founded suspicion to stop appellant. A group of three individuals gathered in the middle of the day showing something to each other that the officer cannot see, even in an area known for narcotics transactions, does not give rise to a founded suspicion of criminal activity. See Nesmith v. State, 616 So.2d 170 (Fla. 2d DCA 1993); State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988); McClure v. State, 358 So.2d 1187 (Fla. 2d DCA 1978).
We also reject the state’s contention that, in the ensuing chase of appellant by the officer, appellant abandoned the drugs *850 prior to the stop. Instead we hold that he was seized prior to dropping the drugs. A seizure involves either the application of physical force or the submission to an officer’s show of authority. California v. Hodari D., 499 U.S. 621, 625, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690, 697 (1991). The officer applied a show of force by opening his door so that appellant would hit it and fall off his bicycle. The officer admitted that this was intentional. Here, the officer physically stopped appellant with his car door. The state’s argument that the officer has to touch appellant with his hands before a stop occurs is meritless in this context. Further, the practice of knocking people off bicycles with moving vehicles is extremely hazardous, having the potential for serious injury. We do not condone the use of such force here.
We reverse appellant’s conviction and sentence and remand for further proceedings in case number 92-7916. However, in case number 92-14507, tried separately, we affirm the conviction and sentence.
POLEN and FARMER, JJ., concur.