789 So.2d 423 (2001)
Michael IPPOLITO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3686.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
*424 Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Thomas C. Mielke, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant pled no contest to possession of heroin, reserving the right to appeal the denial of his motion to suppress the evidence. We reverse his conviction because the trial court erred in denying the motion to suppress.
On February 18, 2000, at about 3:00 a.m., Davie Police Officers Seltzer and Chicket were patrolling in an unmarked vehicle when they observed a red Hyundai parked at a gas station. The gas station had been the subject of several burglaries in the past year. Although the store was closed, the gas pumps were lit and open for credit card customers.
The Hyundai was parked facing the front of the store, about fifty feet from the gas pumps and a few parking spaces from a pay phone. The car lights were on and the motor was running. The officers watched the car for about five minutes but observed no illegal activity. They decided to investigate and find out what the car's occupants were doing at the gas station.
Officer Seltzer pulled his car behind appellant's car at an angle, near the passenger side. Seltzer got out and approached appellant on the driver's side, while Chicket approached the passenger's side. Appellant seemed startled and surprised. He was shaking. When Seltzer asked appellant "what they were doing there," appellant responded that they were using the phone or had just used the phone. The officer did not believe appellant, because he had been observing the car for four or five minutes and did not see appellant or *425 the passenger use the phone during that time. Seltzer then ordered appellant to step out of the car. He asked appellant if he could search him to see if he had any weapons or drugs on him, and for his own safety. Appellant consented to the search, turned around, and put his hands on top of his head. The officer searched appellant and found heroin on his person.
At the hearing on appellant's motion to suppress the drugs, Officer Seltzer acknowledged that appellant's vehicle was properly parked and that he had no idea what the occupants of the vehicle were doing, because he could not see inside the car. The officer also admitted that he positioned his car behind appellant's car at an angle that made it difficult for appellant to drive away. The trial court denied the motion to suppress, finding that there was reasonable suspicion for an investigatory stop based upon the hour, the officer's knowledge of previous burglaries at the station, and the officer's belief that appellant was untruthful about his reasons for being in the area.
To stop and detain a person for investigation, an officer must have a reasonable suspicion that the person has committed, is committing, or is about to commit a crime. § 901.151(2), Fla. Stat. (2000); see also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Popple v. State, 626 So.2d 185, 186 (Fla.1993); Campuzano v. State, 771 So.2d 1238, 1241 (Fla. 4th DCA 2000). Whether an officer has a "founded suspicion" for a stop depends on the totality of the circumstances, interpreted in light of the officer's knowledge and experience at the time of the stop. A mere "hunch" that criminal activity may be occurring is not sufficient. See McCloud v. State, 491 So.2d 1164, 1167 (Fla. 2d DCA 1986).
Appellant and the state disagree on whether appellant was stopped and detained as soon as Officer Seltzer pulled in behind his parked car. See Harrelson v. State, 662 So.2d 400 (Fla. 1st DCA 1995) (the driver's liberty was improperly restrained before the officer asked him to get out of the car and before he ascertained that the driver was in possession of alcohol, where officer parked directly behind driver). However, we need not decide whether this initial contact was a consensual encounter, because, as the trial court correctly ruled, appellant was, without doubt, detained once he was ordered to step outside his vehicle. See Popple, 626 So.2d at 187-88 (Fla.1993)(when an officer orders a person out of his car, that person has been seized for Fourth Amendment purposes, and the officer must have a reasonable suspicion for the seizure); Bowen v. State, 685 So.2d 942 (Fla. 5th DCA 1996)(a law enforcement officer must have a well-founded, articulable suspicion of criminal activity before ordering a person from a vehicle).
When Officer Seltzer ordered appellant outside his vehicle, he lacked a well-founded suspicion of criminal activity. Although it was late at night and appellant was in an area of past criminal activity, these facts do not amount to a "well-founded suspicion." Appellant was legally parked at the partially open gas station and he was not engaged in any observable unlawful activity. See State v. Levin, 452 So.2d 562 (Fla.1984)(adopting 449 So.2d 288 (Fla. 3d DCA 1983), and holding that simply being out on the street during late and unusual hours in area where crimes have been committed is insufficient for a stop); White v. State, 737 So.2d 1117 (Fla. 2d DCA 1999)(holding that police officer did not have reasonable suspicion to conduct investigatory stop of defendant's vehicle where businesses in the area had been robbed in the past, and defendant was driving back and forth in front of closed *426 marina and then turned into parking lot of an adjacent motel that was open); Davis v. State, 695 So.2d 836 (Fla. 2d DCA 1997)(holding that officers lacked reasonable suspicion for an investigatory stop where defendant parked in wooded area next to a closed shopping mall which had experienced problems in the past); McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986)(holding that facts known to officers at time of stop did not reach level of well-founded suspicion where defendant parked his car late at night near a boarded up building under a "no trespassing" sign).
Likewise, the officer's belief that appellant lied about using the pay phone does not rise to the level of reasonable suspicion. The officer conceded that he had only observed appellant for four or five minutes, and that he did not know whether appellant had used the phone before the officers arrived at the station. Moreover, an officer's belief that an individual is lying does not, in and of itself, justify detaining him. Hill v. State, 561 So.2d 1245, 1247 (Fla. 2d DCA 1990)("Even though the officers were suspicious that appellant had stated an incorrect birth date, this could not justify the assumption that appellant had committed a criminal activity or was about to engage in criminal activity, which is the standard for detention."). See also Johnson v. State, 640 So.2d 226, 227 (Fla. 5th DCA 1994)(officer's belief that defendant lied to him about why he had gone to pizza parlor did not establish valid basis for investigative stop and search; while lying was morally wrong, it was not a crime unless under oath).
Because Officer Seltzer lacked a well-founded suspicion to justify the investigatory stop and detention of appellant, the evidence obtained as a result of the unlawful seizure should have been suppressed. G.A.M. v. State, 780 So.2d 288, 290 (Fla. 4th DCA 2001)(citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). Here, appellant's consent to the search occurred almost immediately after the illegal detention. Thus, there was no break in the chain of illegality sufficient to dissipate the taint of the prior illegal police action to render the consent freely and voluntarily given. See Williams v. State, 769 So.2d 404, 406-07 (Fla. 2d DCA 2000); LaFontaine v. State, 749 So.2d 558, 560 (Fla. 2d DCA 2000). We, therefore, reverse the trial court's denial of appellant's motion to suppress and remand this cause for further proceedings.
REVERSED and REMANDED.
WARNER, C.J., and POLEN, J., concur.