818 So.2d 558 (2002)
Matthew Claude McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-738.
District Court of Appeal of Florida, Second District.
February 6, 2002.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Matthew Claude McGee appeals his judgments and sentences for possession of cocaine and obstructing or opposing an officer without violence. He pleaded to the charges after reserving his appellate right to challenge the denial of his dispositive motion to suppress. We affirm McGee's appeal based on the United States Supreme Court's holding in Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).
In his motion to suppress, McGee argued that police did not have a reasonable suspicion that he was engaged in criminal activity before stopping him, and therefore, the stop violated the Fourth Amendment to the United States Constitution. At the hearing on the motion to suppress, Officer Seal of the Tampa Police Department testified that he observed McGee in an alley by a vacant lot at 11:30 p.m. McGee appeared to be just standing in the alley. Officer Seal and another officer, who were dressed in police uniforms, stopped their vehicle to ask McGee his name and to determine why he was in the alley.
Officer Seal testified that McGee started to walk toward them, but then he changed directions and started running away from them. The police chased McGee for a few blocks, and when they eventually were able to stop him, McGee threw a piece of paper to the ground which contained cocaine. Officer Seal testified that he was *559 familiar with the area where McGee had been standing and that he had personally made more than one hundred narcotics arrests in that area during the past year.
We conclude that this case is on point with Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570. In Wardlow, 528 U.S. at 123, 120 S.Ct. 673, the Supreme Court reaffirmed that police may conduct a brief investigatory stop when the officer possesses a "reasonable, articulable suspicion that criminal activity is afoot." See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "[T]he determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." Wardlow, 528 U.S. at 125, 120 S.Ct. 673. In Wardlow, the officers had observed Wardlow standing next to a building holding an opaque bag in an area known for heavy narcotics trafficking. Wardlow fled upon noticing the police. After stopping Wardlow and conducting a protective patdown search for weapons, police found a firearm on his person. The stop of Wardlow occurred shortly after noon.
The Supreme Court held that, although an individual's presence in a high crime area, standing alone, is insufficient to support a reasonable suspicion that the person is committing a crime, it is a relevant consideration. Id. at 124, 120 S.Ct. 673. "[O]fficers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation." Id.
The Court further held that unprovoked flight upon noticing the police was a pertinent factor in determining reasonable suspicion. It noted that headlong flight is the consummate act of evasion and that, although it is not necessarily indicative of wrongdoing, it is suggestive of such. Id. The Supreme Court held that the above two factors, presence in an area known for heavy narcotics trafficking and fleeing upon noticing the police, were sufficient to justify the officers' reasonable suspicion that Wardlow was involved in criminal activity. Id. at 124-125, 120 S.Ct. 673.
The above two factors relied upon in Wardlow are likewise present in this case. McGee was observed in an area known for heavy narcotics trafficking and he fled when the police officers approached him. Therefore, we conclude that the totality of the circumstances in the present case gave rise to a reasonable suspicion that McGee was involved in criminal activity, and the stop by police did not violate the Fourth Amendment. See Mitchell v. State, 787 So.2d 224 (Fla. 2d DCA 2001) (holding that an individual's presence in a high crime area and his attempt to flee police were factors giving rise to reasonable suspicion); McMaster v. State, 780 So.2d 1026, 1030 (Fla. 5th DCA 2001) ("[P]resence in a high crime area and unprovoked flight upon noticing the police are sufficient to find a reasonable suspicion to stop and investigate.").
Affirmed.
ALTENBERND and COVINGTON, JJ., Concur.