DAVIS, Judge.
Michael D. Simpson appeals his convictions for possession of cocaine and carrying a concealed weapon, arguing that the trial court erred in denying his motion to suppress. We agree and reverse.
The charges against Simpson arose from an incident in which a St. Petersburg Police officer observed a beige pickup truck parked near an abandoned house. As the officer approached, he saw Simpson, who was sitting in the vehicle, reach under the seat with his left hand. When the officer exited his vehicle, Simpson exited the truck and attempted to light a cigarette. *396 The officer approached Simpson and inquired what he was doing. Simpson responded that a “friend” had just gotten out of the truck and walked down the street. The officer did not observe anyone walking nearby.
As they talked further, the officer observed that Simpson had left the driver’s door of the truck open. Upon looking into the truck through the open door, the officer saw the turn signal lever hanging by wires from the steering column. Having investigated numerous stolen vehicles that had been taken by compromising the ignition system through the steering column, the officer suspected that the pickup truck was stolen. Consequently, the officer again asked Simpson what he was doing at this location. Simpson responded that a “guy” had just gotten out of the truck and walked down the street. Concluding that Simpson had given him inconsistent stories regarding the “friend” and the “guy,” and suspecting that the truck was stolen, the officer placed Simpson in the rear seat of the police vehicle. Although Simpson initially gave the officer an incorrect name, the officer ultimately determined Simpson’s identity and discovered that there was an outstanding warrant for his arrest. After taking Simpson into custody, the officer searched the interior of the truck. Although he found that the ignition system had not been compromised, the officer did find a crack cocaine pipe in plain view and a machete under the seat.
Simpson moved to suppress these items, alleging that the officer improperly detained him without reasonable suspicion that a crime had been committed. When the trial court denied the motion, Simpson pleaded no contest reserving his right to appeal the denial of his dispositive motion to suppress.
Our review of an order denying a motion to suppress is a mixed question of law and fact. State v. Setzler, 667 So.2d 343 (Fla. 1st DCA 1995). We review the trial court’s factual findings by an abuse of discretion standard and its application of the law to the facts on a de novo basis. Hines v. State, 737 So.2d 1182 (Fla. 1st DCA 1999).
The trial court correctly found that the initial contact between the officer and Simpson was a consensual citizen encounter. However, the court also found that Simpson had given “divergent” stories regarding his presence because Simpson had initially said that a “friend” had exited the truck and then later said a “guy” had exited the truck. The trial court concluded that this difference raised suspicion. The trial court further found that Simpson had made a “furtive” movement inside the truck as the officer approached. The trial court concluded that these facts, along with the location (near an abandoned house) and the possibility that the vehicle had been stolen, were sufficient to justify Simpson’s detention. We disagree.
First, the trial court erred in finding Simpson’s explanations “divergent.” The terms “friend” and “guy” are not inconsistent descriptions. Second, the testimony does not support the court’s finding that Simpson’s act of reaching under the seat was furtive. The officer never described the movement as furtive or suspicious. Finally, the broken turn signal lever was not sufficient reasonable suspicion to support a detention. Although a compromised ignition system may have provided the officer with the needed suspicion, the dangling turn signal lever alone failed to establish more than “a mere hunch.” See Ippolito v. State, 789 So.2d 423 (Fla. 4th DCA 2001). Even when all of these facts are considered together, they do not amount to the founded suspicion needed to justify detaining Simpson by placing him in the back seat of the *397 patrol car. See Popple v. State, 626 So.2d 185 (Fla.1993). Accordingly, the trial court erred in denying the motion to suppress.
Reversed and remanded.
BLUE, C.J., and COVINGTON, J., Concur.