868 So.2d 587 (2004)
Donald BATTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3758, 4D02-4735.
District Court of Appeal of Florida, Fourth District.
February 25, 2004.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant seeks to reverse the revocation of his probation on the ground that the trial court erred in denying his motion to suppress cocaine found when an officer stopped him. He contends that the officer did not have a founded suspicion that appellant was loitering and prowling at the time he was stopped. Therefore, the stop and ensuing seizure of drugs was unlawful. We conclude that based upon the facts and circumstances presented to the officer, he had reasonable suspicion to stop appellant. We therefore affirm.
Deputy Woulard was patrolling a residential area in a marked police car at 2:15 in the morning, conducting an area check using his vehicle's spotlight. The area was dark, with street lights more than 150 feet away. The officer was familiar with the area and considered it a high crime area, as he had made approximately 75 to 100 drug arrests in the area. While driving along, his spotlight illuminated appellant standing in the dark, in the hedges between two rooming houses. The officer recognized appellant from prior contacts. During those contacts, appellant told the officer his address, which was different than the address of the rooming houses where he was spotted.
When the spotlight shone on appellant, the officer observed him pull something into his person and conceal it. Appellant then began to walk away. Seeing appellant *588 attempting to conceal something with his body, the officer called out for him to stop, as he suspected appellant was loitering and prowling. When appellant refused to stop, the officer grabbed him. In that process the officer observed appellant drop or throw a "hitter pipe" which contained cocaine and was the subject of the motion to suppress.
Appellant was arrested for possession of cocaine. At the suppression hearing the trial court concluded that based upon the time, location, and the other factors present, the officer was justified in stopping appellant to make further inquiry. The court revoked appellant's probation and imposed sentence. This appeal follows in which appellant claims the trial court erred in denying the motion to suppress.
As the supreme court recently stated, "[a] trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Doorbal v. State, 837 So.2d 940, 952 (Fla. 2003) (quoting Terry v. State, 668 So.2d 954, 958 (Fla.1996)). When dealing with constitutional issues on motions to suppress, "whether the application of the law to the historical facts establishes an adequate basis for the trial court's ruling is subject to de novo review." Connor v. State, 803 So.2d 598, 608 (Fla.2001) (citation and footnote omitted).
Section 856.021, Florida Statutes (2002), provides:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself or herself and explain his or her presence and conduct.
(Emphasis added). In E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999), we explained that the state must prove the following two elements to establish the crime: "(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; and (2) the loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." (Citing State v. Ecker, 311 So.2d 104, 106 (Fla.1975)). The first element requires "conduct which comes close to, but falls short of, the actual commission or attempted commission of a substantive crime and which must be alarming in nature, pointing toward an imminent breach of the peace or threat to public safety." Id.
Here, the officer observed appellant in a residential area at 2:15 a.m. Appellant was not on the street or a sidewalk, but was "in the hedges" between two rooming houses and in the dark. The officer recognized appellant and knew that the address appellant gave as his residence during prior encounters was not near the *589 address at which appellant was spotted. We think this conduct alone shows conduct at a place, time, and manner not usual for law-abiding individuals. Lurking in the dark by residences in the wee hours of the morning is unusual for law-abiding persons. In Ecker, the court held the loitering and prowling statute constitutional and applied the statute to the facts of several consolidated cases before it. 311 So.2d at 106. When examining a case with facts very similar to those in this appeal, the court stated: "[t]he defendant's hiding on private property behind a bush at 1:20 in the morning would cause a reasonable person to be concerned for his safety or the safety of property in the vicinity." Id. at 110. The same can be said for appellant's conduct.
When appellant was spotted, he concealed something on his person. Section 856.021(2) specifically provides that endeavors to conceal oneself or any object are circumstances which must be considered when determining whether alarm is warranted. Under such circumstances, alarm is presumed. See C.H.S. v. State, 795 So.2d 1087, 1090 (Fla. 2d DCA 2001) (noting "[a]larm is presumed under [856.021] if the defendant flees, conceals himself or any object, or refuses to identify himself"). In this case, the officer did not know what appellant was concealing or whether it could be a weapon. From the circumstances, appellant also could have been hiding a burglary tool. Although in C.H.S. the court found that the alarm presumed from concealment of an object was dispelled when the officers detained the individuals, id. at 1091, here appellant walked away, thus preventing the officer from dispelling any alarm by inquiry.
Based upon his observations the officer had reasonable suspicion that appellant was loitering and prowling. In Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) the court noted,
[i]n Terry, we held that an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. While "reasonable suspicion" is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop. The officer must be able to articulate more than an "inchoate and unparticularized suspicion or `hunch'" of criminal activity.
Id. at 123-24, 120 S.Ct. 673 (citations and footnote omitted).
Here, the officer sought to dispel the alarm caused by finding appellant concealing something, in the early morning hours in the hedges between two residences. The officer had a reasonable suspicion to support an investigatory stop for this purpose. Therefore, the stop of appellant was lawful, and the trial court properly denied the motion to suppress the evidence seized as a result of the stop.
Affirmed.
GROSS and HAZOURI, JJ., concur.