937 So.2d 1231 (2006)
Emory R. PARRISH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2162.
District Court of Appeal of Florida, First District.
September 25, 2006.
*1232 Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, Attorneys for Appellants.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
Appellant, Emory R. Parrish, Jr. appeals his conviction for possession of cannabis, possession of a controlled substance without a prescription, and resisting arrest without violence. Because we find that the trial court did not err in denying Appellant's motion to suppress, we affirm.
Appellant was detained and ultimately arrested in a Wal-Mart parking lot by an Okaloosa County sheriff's deputy who was working as a security guard for the store. The deputy testified at the suppression hearing that Appellant came to his attention after the deputy saw a car lurch forward. Believing a minor collision had occurred in front of the store, the deputy investigated. As he approached the two vehicles involved, the deputy noticed a male leaning into the driver's window of the front vehicle. The driver of the vehicle, a female, and the man, Appellant, were arguing. The deputy saw that the bumper of the rear vehicle was touching the bumper of the front vehicle, although there did not appear to be any damage. The deputy testified that he asked the two if everything was "okay," and he was told that everything was in fact okay. In addition, the deputy testified that he saw no physical contact between the two and that the argument was not loud.
Nevertheless, the deputy was unwilling to accept this representation and separated the two; the deputy explained that victims of domestic violence often say that no problem exists when the situation is in fact problematic. The deputy testified that he acted the way he did because "there is always two stories. There is the *1233 person that we're talking to and the truth, and I wanted to get to the truth." On cross-examination, the deputy testified that he detained Appellant because of the possibility of domestic violence rather than to investigate a minor crash.
The deputy testified that he proceeded to question the female first. She told the deputy her name and produced identification. She explained that she and Appellant "were just arguing," but the deputy remained concerned. The deputy then asked Appellant for identification, which Appellant could not produce. Appellant provided a name to the deputy, which the deputy was unable to verify. The deputy then arrested Appellant and conducted a search incident to the arrest, where contraband was found.
Appellant moved to suppress all the evidence seized, arguing that the deputy had no legal justification to detain him, or once detained, the deputy had no legal justification to continue to detain Appellant. The trial court denied Appellant's motion to suppress, explaining that it was reasonable for the deputy to require each party to produce identification before being released. When Appellant failed to produce any identification and lied about his name, the deputy was authorized to arrest Appellant and to conduct a search incident to the arrest. After the denial of his motion to suppress, Appellant pled no contest to two counts of possession of a controlled substance and one count of resisting arrest without violence, and preserved his right to appeal the trial court's denial of his dispositive motion to suppress.
"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810-11, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996) (citing Delaware v. Prouse, 440 U.S. 648, 659, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)). To determine whether a police officer had probable cause to believe that a traffic violation has occurred requires application of an objective test which "asks only whether any probable cause for the stop existed." Holland v. State, 696 So.2d 757, 759 (Fla.1997). Therefore, as long as the officer has sufficient probable cause for the stop, the officer's subjective motivation for the stop does not render the stop unconstitutional and require suppression of evidence seized during a search incident to the arrest. Whren, 517 U.S. at 819, 116 S.Ct. 1769.
Here, the deputy had probable cause to believe that a traffic violation had occurred. Under Chapter 316, Florida Statutes, local police authorities are authorized to investigate an accident which has occurred in a shopping center irrespective of any injury or death to a person. Op. Att'y Gen. Fla. 72-383 (1972). The deputy testified that he saw the female's car lurch forward, and when he walked over to investigate, he saw that Appellant's bumper was touching her bumper. Because the deputy had probable cause to detain Appellant, it is irrelevant that his primary concern during his investigation was the prevention of domestic violence.
Accordingly, the trial court's denial of Appellant's motion to suppress is AFFIRMED.
HAWKES and THOMAS, JJ., concur.
VAN NORTWICK, J., dissents with written opinion.
VAN NORTWICK, J., dissenting.
Because I conclude that the evidence is undisputed that the deputy lacked an objective basis to detain appellant, I would hold that the trial court erred in denying *1234 the motion to suppress. Accordingly, I respectfully dissent.
To detain a person for investigation, an officer must have a reasonable suspicion, based on objective, articulable facts, that the person has committed, is committing, or is about to commit a crime. § 901.151(2), Fla. Stat. (2004); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Whether an officer has a founded suspicion for a stop depends on the totality of the circumstances, in light of the officer's knowledge and experience. State v. Marrero, 890 So.2d 1278, 1281-2 (Fla. 2d DCA 2005); Ippolito v. State, 789 So.2d 423, 425 (Fla. 4th DCA 2001). A bare suspicion or "mere `hunch' that criminal activity may be occurring is not sufficient." Ippolito, 789 So.2d at 425. As the Florida Supreme Court has explained, a citizen "may not be detained even momentarily without reasonable, objective grounds for doing so", and the "scope of the detention must be carefully tailored to its underlying justification. . . . [A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." State v. Diaz, 850 So.2d 435, 438 (Fla.2003) (quoting Florida v. Royer, 460 U.S. 491, 498, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)). Here, the detention of appellant lasted longer than was necessary.
The majority is correct that under Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), and Holland v. State, 696 So.2d 757 (Fla.1997), an officer may stop a vehicle where the officer has probable cause to believe that a traffic violation has occurred. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). As the Florida Supreme Court has explained, "[t]he correct test to be applied is whether the particular officer who initiated the traffic-stop had an objectively reasonable basis for making the stop." Dobrin v. Fla. Dep't of Highway Safety & Motor Vehicles, 874 So.2d 1171, 1174 (Fla.2004). In the case before us, however, the deputy did not make a traffic stop, and the record contains no reasonable basis for the detention of appellant on the grounds stated by the officer. In addition, the facts known to the officer do not support an objectively reasonable basis for making a traffic stop.
While the deputy here testified that he initially thought a minor collision might have occurred, he did not issue a traffic citation or contend that a possible collision was the basis for detaining appellant. The deputy testified that he was investigating a "possible domestic violence incident." Yet, as the deputy admitted, he did not observe a physical confrontation and was twice told that everything was okay. In fact, after the female was separated from appellant, she volunteered that everything was "okay." The deputy did not articulate any objective basis for continued detention of appellant, and thus, the continued detention was improper. See Bordelon v. State, 908 So.2d 543 (Fla. 1st DCA 2005).
The facts in the record also do not provide an objectively reasonable basis for a traffic stop. The officer stated that he saw a car lurch forward and, therefore, he investigated. When he arrived outside of the store, he observed that the bumper of the rear vehicle was touching the bumper of the front vehicle, but he found no damage. The deputy testified that he did not observe the vehicles come into contact and that he was never told a collision occurred. Thus, the record does not contain the objective bases supporting a conclusion that an accident had occurred or providing any reasonable basis for a traffic citation.
*1235 Because I conclude the detention of appellant was unlawful, I would hold that the trial court erred in denying the motion to suppress. See Belsky v. State, 831 So.2d 803 (Fla. 4th DCA 2002).