939 So.2d 1148 (2006)
Howard STENNES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3818.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
*1149 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
The issue in this case is whether a marijuana pipe and cocaine rocks were the fruits of a search that violated the Fourth Amendment to the United States Constitution. We hold that the search occurred after an investigatory stop that was unsupported by reasonable suspicion, and reverse.
Appellant Howard Stennes was sitting in his Ford Explorer in a dark area behind an open gas station at 11:30 p.m. A white Monte Carlo was parked next to Stennes, who was talking to that car's passenger. The Monte Carlo left the area. Although the testimony conflicted, the trial court found that the arresting officer pulled his marked police car, with headlights on, directly behind Stennes's Explorer, so that he was blocked from leaving. The officer then initiated what he described as "a consensual encounter" that yielded contraband.
In the circuit court, after Stennes's motion to suppress was denied, he changed his plea to nolo contendere, reserving his right to appeal.
On an appeal of a motion to suppress evidence, this court defers to the trial court's factual findings but reviews legal conclusions de novo. See, e.g., Pantin v. State, 872 So.2d 1000, 1002 (Fla. 4th DCA 2004). We may not substitute our judgment for that of the circuit court on issues of credibility that led to the lower court's resolution of conflicts in the evidence. See State v. Brown, 592 So.2d 308, 310 (Fla. 3d DCA 1991) (Gersten, J., dissenting).
The officer's blocking of the Explorer created an investigatory stop and not a consensual encounter, because Stennes was no longer free to leave to avoid answering the officer's questions. See Popple v. State, 626 So.2d 185, 187-88 (Fla.1993); Young v. State, 803 So.2d 880, 882 (Fla. 5th DCA 2002). As the fifth district has written, "positioning a patrol car to obstruct the path of [a] vehicle once it is stopped elevates the encounter to an investigatory stop." Young, 803 So.2d at 882 (citing Griffin v. State, 800 So.2d 345, 347 (Fla. 4th DCA 2001)) (stating "when [the officers] drove their vehicle behind the appellant's car, effectively preventing his exit, [the appellant] could not leave. Therefore, the police effected a stop unsupported by either reasonable suspicion or probable cause.") (citations omitted); see Richardson v. State, 291 So.2d 253, 255 (Fla. 1st DCA 1974) (holding a stop was effected where officer's vehicle blocked defendant's vehicle from proceeding); see also L.J.S. v. State, 905 So.2d 222, 225 n. 1 (Fla. 2d DCA 2005); Cowart v. State, 635 So.2d 1063 (Fla. 2d DCA 1994); Palmer v. State, 625 So.2d 1303 (Fla. 1st DCA 1993).
To justify an investigatory stop, the arresting officer had to have a reasonable suspicion that Stennes had committed, was committing, or was about to commit a crime. See Ippolito v. State, 789 So.2d 423, 425 (Fla. 4th DCA 2001). Whether an officer has a reasonable suspicion for a stop depends on the totality of the circumstances, interpreted in light of the officer's knowledge and experience at the time of *1150 the stop; a "mere `hunch' that criminal activity may be occurring is not sufficient." Id. (citations omitted).
Here, Stennes was legally parked behind an open gas station "not engaged in any observable unlawful activity." Id. at 425. The officer observed no potentially illegal activity in the interaction between the occupants of the Monte Carlo and Stennes. Without more, the late hour and the history of burglaries in the area did not give rise to a reasonable suspicion that Stennes had committed, was committing, or was about to commit a crime. Id. The trial court erred in denying the motion to suppress.
Reversed and Remanded.
GUNTHER and FARMER, JJ., concur.