941 So.2d 1277 (2006)
Nomar SANTIAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3954.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
*1278 Russell J. Williams, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Appellant entered a guilty plea reserving the right to appeal an order denying his motion to suppress. We reverse.
The trial court found that the totality of circumstances, as interpreted by an experienced officer, established a reasonable suspicion to stop. We accept the trial court's determination of fact and review, de novo, "whether the application of the law to the historical facts establishes an adequate basis for the trial court's finding of reasonable suspicion. . . ." Lee v. State, 868 So.2d 577, 579 (Fla. 4th DCA 2004).
The arresting officer, working on another case in the parking lot of a motel at approximately 7:00 p.m., noticed Appellant "pass[] up a lot of open parking spaces and [go] to the backside of the lot." A minute or so later, he observed Appellant flash his headlights as another vehicle entered the parking lot. The other vehicle parked right beside Appellant's vehicle. Appellant got out of his vehicle, spoke briefly with the other driver, and returned to his vehicle. Appellant soon returned to the passenger side of the other vehicle. The parking lot was well lit and very open. The area was not known for narcotics transactions. Both vehicles then left the parking lot. The officer followed, stopped Appellant, and directed another unit to stop the other vehicle.
The arresting officer testified to his extensive experience and training involving street crime, surveillance, and drug transactions. He was not sure what, if anything, passed between Appellant and the occupant of the other vehicle, but concluded *1279 that he had witnessed a hand-to-hand drug transaction. He acknowledged, however, that it could have been an innocent transaction. Appellant introduced the dispatch tape of the incident. On the tape, the officer states, "I don't know if that's a hand-to-hand or what the story is."
Whether an officer has the reasonable suspicion needed to justify an investigatory stop, based on the objective facts, depends on the totality of the circumstances observed in light of the officer's experience. Belsky v. State, 831 So.2d 803, 804 (Fla. 4th DCA 2002). Diverse facts have been recognized as useful in deciding whether reasonable suspicion exists, including: "[t]he time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge." State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). However, the "bare suspicion" of criminal activity is not sufficient. Id.
It is not absolutely necessary that an officer observe drugs change hands in order to support a reasonable suspicion. Walker v. State, 846 So.2d 643, 645 (Fla. 2d DCA 2003). Supporting circumstances may include whether the officer can see either drugs or money being transferred, the officer's narcotics experience, the reputation of the location for drug transactions, the extent of the period of surveillance, and the history of previous multiple arrests from that site. Burnette v. State, 658 So.2d 1170, 1171 (Fla. 2d DCA 1995) (deeming an officer observing a known drug dealer participate in a hand-to-hand transaction in a location where police had made thirty or forty drug arrests in the past sufficient to establish a reasonable suspicion that an illegal activity had occurred).
Cases in which reasonable suspicion did not exist where an officer witnessed a hand-to-hand transaction but was unable to see an exchange of currency or drugs include Belsky, 831 So.2d at 805 (finding where an officer observed a hand-to-hand transaction in a high crime area, but was unable to see what, if anything, was exchanged and was unable to identify either man as a known drug dealer, the officer did not have a reasonable suspicion to conduct an investigatory stop); Walker, 846 So.2d at 645 (finding reasonable suspicion not supported where an officer, with little experience, while patrolling in a high drug area, observed a hand-to-hand transaction between two men, but was unable to make out any object); Messer v. State, 609 So.2d 164, 165 (Fla. 2d DCA 1992) (holding an officer conducting surveillance in a high crime area who witnessed arm movement between suspects did not have reasonable suspicion).
In State v. Isaacs, 578 So.2d 523 (Fla. 4th DCA 1991), we upheld a trial court decision that an officer did not have a founded suspicion of criminal activity where he observed Isaacs drive, slowly, through a high crime neighborhood at 8:30 p.m., circle, and return. A man on a bicycle then approached Isaacs' car. The man pointed to a nearby location with a cemetery on both sides of the street. Isaacs drove there and was joined by the man on the bicycle. There were no street lights, and the officer was unable to observe the transaction.
We have considered Stevens and Finizio v. State, 800 So.2d 347 (Fla. 4th DCA 2001), and deem them distinguishable as based on founded suspicion. In Stevens, the officers observed a pickup truck leaving the area of a city supply yard at 11 p.m. on a rainy Sunday night. The truck *1280 was on a dirt road next to the enclosure and the officers saw fresh tire tracks leading from the gate. It was unusual to see a truck there in those circumstances. Copper wire had been stolen from that yard on a weekend a month earlier and the officers observed coils of wire laid haphazardly on the truck bed. Finizio involved a DUI arrest following a traffic stop for erratic driving, where the defendant's car jumped a curb, sped up, and then came to a sudden stop. In both cases, there was an adequate factual basis to support the trial court findings.
Here, notwithstanding that the arresting officer saw a transaction of some kind, he did not see an exchange of drugs or currency. We conclude that under the totality of the circumstances, there was not a reasonable suspicion to justify a stop. The transaction did not occur in a location known for drug transactions or arrests, the participants were not known to the officer, and neither the area nor the parties were under surveillance for this purpose. In this case, the only factors relied on by the officer to interpret the subsequent conduct of the participants were their chosen location within the parking lot and the flashing of the lights. Had the same conduct occurred at another location in the lot, or had Appellant simply waved to get the other driver's attention rather than blinking his lights, the meeting would not have attracted attention. While the officer believed that he was acting on "more than a hunch" in making the stop, we conclude that parking at this location, accompanied by the blinking of car lights and followed by an apparent exchange of something, otherwise completely innocent acts, are not, alone, sufficient to support a reasonable and founded suspicion that a crime had occurred, notwithstanding that the observation was by an experienced officer.
Therefore, it was error to deny the motion to suppress. Appellant's conviction is reversed and we remand for further proceedings.
STEVENSON, C.J., and POLEN, J., concur.