955 So.2d 640 (2007)
Harry James MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1959.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Rehearing Denied May 30, 2007.
Carey Haughwout, Public Defender, and Ellen A. Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Harry Mitchell appeals from his conviction for possession of a controlled substance on the ground that the trial court erred in denying his motion to suppress. We affirm, holding that the arresting officers had reasonable suspicion to conduct an investigatory stop.
While patrolling a residential area in an unmarked Dodge Durango at 10:30 p.m., officers spotted Mitchell hiding in a dark *641 wooded lot, located between two residences, in a high crime area known for drug activity. The officers were familiar with the lot, because they had participated in hundreds of drug arrests in the area.
As the officers approached the lot, Mitchell emerged from the shadows and headed in the officers' direction. At this time the officers positioned their vehicle so as to illuminate the lot; once Mitchell saw that the passenger was a uniformed officer, he quickly hustled off in the opposite direction.
While Mitchell moved away, one of the officers followed, repeatedly asking him, "What are you doing?". Still avoiding the officer and attempting to conceal something in his right front pocket, Mitchell responded evasively, "Who, me? Who, me?". Seeing Mitchell attempt to hide something, the officer thought Mitchell was loitering and prowling, and ordered him to stop. Mitchell refused to stop, so the officer grabbed him. Mitchell resisted, and during the struggle he attempted to dump crack cocaine out of a tube in his hand.
At the suppression hearing, the court denied Mitchell's motion to suppress, finding that the officers had reasonable suspicion to justify an investigatory stop.
"On appeal of a motion to suppress evidence, this court defers to the trial court's factual findings but reviews legal conclusions de novo." Stennes v. State, 939 So.2d 1148, 1149 (Fla. 4th DCA 2006).
Mitchell contends that because the officers did not have a founded suspicion that he was loitering and prowling, the stop and resultant drug seizure were unlawful. Adhering to the United States Supreme Court's interpretation of the Fourth Amendment, we find the officers possessed a reasonable suspicion that criminal activity was afoot. See Illinois v. Wardlow, 528 U.S. 119, 120, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).
"To justify an investigatory stop, the arresting officer had to have a reasonable suspicion that [Mitchell] had committed, was committing, or was about to commit a crime." Stennes, 939 So.2d at 1149. Based on his observations, the officer suspected Mitchell of loitering and prowling in violation of section 856.021, Florida Statutes (2005). "There are two elements to a loitering and prowling charge: (1) that the defendant loitered or prowled `in a place, at a time, or in a manner not usual for law-abiding individuals' and (2) such loitering took place under `circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.'" B.J. v. State, 951 So.2d 100 (Fla. 4th DCA 2007) (citing § 856.021(1), Fla. Stat. (2005)). "[A]larm is presumed under the statute if the defendant flees, [or] conceals himself or any object." Id. (citations omitted); see also § 856.021(2), Fla. Stat. (2005).
Here, the officer observed Mitchell in a high crime area, at night, lurking in the shadows of a wooded lot bordered by two homes. This behavior alone shows conduct at a place, time, and manner not usual for law-abiding citizens. See Battle v. State, 868 So.2d 587, 589 (Fla. 4th DCA 2004) ("Lurking in the dark by residences in the wee hours of the morning is unusual for law-abiding persons.") Further, when Mitchell spotted the uniformed officer he fled in the opposite direction, attempting to conceal something on his person. Mitchell's evasive behavior, in conjunction with his effort to conceal an object, warranted alarm; the officer had reasonable suspicion to conduct the investigatory stop for the purpose of dispelling such alarm. Id. at 589; see Lee v. State, 868 So.2d 577, 581 (Fla. 4th DCA 2004) ("Nervous, evasive *642 behavior is a pertinent factor in determining reasonable suspicion.").
Further, in Wardlow the United States Supreme Court reaffirmed its decision in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), concluding that police may conduct a brief investigatory stop when the officer possesses a "reasonable, articulable suspicion that criminal activity is afoot." 528 U.S. at 123, 120 S.Ct. 673. In order to satisfy the reasonable suspicion standard, "[t]he officer must be able to articulate more than an `inchoate and unparticularized suspicion or "hunch"' of criminal activity." Id. at 123-24, 120 S.Ct. 673.
The Supreme Court instructed that while "[a]n individual's presence in an area of expected criminal activity standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime," a defendant's presence in an area of heavy narcotics trafficking and the defendant's flight upon noticing police are sufficient to justify the officer's reasonable suspicion that the individual is involved in criminal activity. Id. at 124, 120 S.Ct. 673 ("Headlong flight wherever it occurs-is the consummate act of evasion: It is not indicative of wrongdoing, but is certainly suggestive of such.").
The factors relied upon in Wardlow are present here. Mitchell was observed in an area known for drug activity and attempted to flee at the sight of the officer. Based on the totality of the circumstances in the present case, we find that the officer had reasonable suspicion to believe that Mitchell was involved in criminal activity and the stop did not violate the Fourth Amendment. Therefore, we affirm. See Battle, 868 So.2d at 587; McGee v. State, 818 So.2d 558 (Fla. 2d DCA 2002); Mitchell v. State, 787 So.2d 224 (Fla. 2d DCA 2001) (holding that an individual's presence in a high crime area and his attempt to flee police were factors giving rise to reasonable suspicion); McMaster v. State, 780 So.2d 1026, 1030 (Fla. 5th DCA 2001) ("[P]resence in a high crime area and unprovoked flight upon noticing the police are sufficient to find a reasonable suspicion to stop and investigate.").
WARNER and TAYLOR, JJ., concur.