COBB, WARREN H., Associate Senior Judge,
Dissenting.
The unrebutted evidence adduced below was that Deputy Morales went to an intersection known as a drug area in response *881 to a report that a vehicle had just been stolen. Upon his arrival he saw two vehicles, a truck and a Cavalier automobile (which could have been the reported vehicle so far as Morales knew). The driver of the truck was honking his horn, flashing his lights, and pointing to the Cavalier in which E.A.B. was a passenger. Morales activated his lights and siren attempting a traffic stop of the Cavalier to ascertain if it was the stolen car and determine the cause of the truck driver’s agitation. The driver of the Cavalier raced away at a high rate of speed until cornered at a dead end, at which point the driver and E.A.B. fled on foot despite being ordered by Morales to stop. E.A.B. subsequently was apprehended by another deputy.
The question presented on appeal is whether Morales was authorized, pursuant to section 901.151,[2] to stop E.A.B. upon the latter’s exit from the vehicle for investigatory purposes to ascertain whether he was engaged in criminal activity. Given the plethora of circumstances — the stolen vehicle report, the truck driver’s actions, the high crime location, and E.A.B.’s flight on foot — it seems to me that the answer to that question clearly is yes. See McGee, 818 So.2d 558.
The case of J.R.P., 942 So.2d 452, is readily distinguishable from the instant facts. In that case nothing showed a high crime area, intentional flight from an officer, a reported crime in the area, or an excited citizen directing the officer’s attention to the juvenile.
I would affirm.

. See also Terry, 392 U.S. at 21-22, 88 S.Ct. 1868.