MAY, J.
The defendant appeals her conviction and sentence for possession of cocaine with intent to deliver. She argues the trial court erred in denying her motion to suppress. We agree and reverse.
On May 7, 2008, an officer was patrolling the parking lot of Walgreens due to numerous complaints of drug transactions at the store and surrounding area. While on duty, the officer observed a parked vehicle at the entrance of the pharmacy. Thereafter, a truck entered the parking lot and parked a few spaces away from the vehicle under observation.
The defendant then entered the lot and parked her vehicle near the truck. The truck’s driver walked to the defendant’s vehicle, spoke briefly to the driver, and entered the backseat. While the officer could not see what was in the defendant’s hand, he could see silhouettes of people in the car. He observed the truck’s driver lean forward and extend his hand. The truck’s driver then exited the defendant’s vehicle, entered Ms truck, and drove off.
The officer radioed for backup. The backup officer followed the truck and stopped it for a traffic infraction. The truck’s driver informed the backup officer that he bought cocaine from the defendant, whom he knew as Alize. He informed the backup officer that she was wearing all black and had long black hair. He gave the backup officer the cocaine purchased from the defendant.
While the backup officer had the truck stopped, the original officer followed and stopped the defendant because he suspected that she was involved in a drug transaction. As the officer was speaking with the defendant, the backup officer informed him that the truck’s driver admitted to purchasing cocaine from the defendant. Thereafter, the officer charged the defendant with one count of possession of cocaine with intent to deliver or sell.
The defendant filed a motion to suppress her arrest.[1] The State called only the original officer to testify. He testified that he had twelve years experience, and had served with the selective enforcement team for eight years. He made two drug arrests in the previous week at the same parldng lot, and had also made arrests at the plaza across the street. He had been patrolling the area for narcotic arrests for two months prior to the incident. While he did not know the defendant or the truck’s driver, the police department was making daily arrests in the same area based on the same behavior. He estimated that approximately 100 arrests had been made in the area over three to four months.
The trial court denied the motion to suppress. In so doing, the court found the original officer had reasonable suspicion to stop the defendant.
Specifically, number one, he was in the parking lot, because of the e mails and information that he had received, with regards to numerous drug transactions having taken place in the parking lot of the Walgreens, as well as the other shopping center across the street.
In addition to that, the sale of drugs and/or prescription drugs were [sic] known to take place there.
*369 So, based on that, and what he saw, based on his training and experience, that is, he is involved in the selective enforcement unit. He has training in narcotics, as well as his other training, in robberies and burglaries, and that he recognized Ms. Benemérito doing in the vehicle what he believes to be a drug transaction.
And, that based upon the totality of the circumstances, and his experience, the Court will find that her behavior, and the behavior of the other person in the vehicle, and the fact that it’s in an area where there have been numerous drug transactions, he mentioned at least a hundred arrests made there, and he’s been involved in two of them, drug transactions over there.
There’s in [sic] a reasonable suspicion that those types of transactions are occurring there.
And the co Defendant was stopped, and stated that he had just bought cocaine from her, and he said it was about the same point in time that both vehicles were stopped, and he believed that a drug transaction may have taken place, and as a result of the stop of the other vehicle also, saying that she was involved.
Immediately thereafter, the defense asked the court for a ruling on the disposi-tive nature of the motion. The judge then stated “[tjhat’s not a problem.” The defendant then pled no contest to the charges reserving her right to appeal. The judge advised the defendant: ‘You are going to be entering a plea, with the reservation that you can take an appeal of the denial I just did of your motion to suppress.”[2] The court withheld adjudication and placed the defendant on probation for a period of eighteen months.
On appeal, the defendant argues the trial court erred in denying the motion to suppress because the officer did not have reasonable suspicion to stop her. We agree and reverse.
This Court reviews de novo, “whether the application of the law to the historical facts establishes an adequate basis for the trial court’s finding of reasonable suspicion.... ” Santiago v. State, 941 So.2d 1277, 1278 (Fla. 4th DCA 2006) (quoting Lee v. State, 868 So.2d 577, 579 (Fla. 4th DCA 2004)).
Whether an officer has the reasonable suspicion needed to justify an investigatory stop, based on the objective facts, depends on the totality of the circumstances observed in light of the officer’s experience....
It is not absolutely necessary that an officer observe drugs change hands in order to support a reasonable suspicion. Supporting circumstances may include whether the officer can see either drugs or money being transferred, the officer’s narcotics experience, the reputation of the location for drug transactions, the extent of the period of surveillance, and the history of previous multiple arrests from that site. ■
Id. at 1279 (citations omitted).
Here, many of the Santiago factors are present. The officer had experience, knew the location’s reputation for drug transactions, had made arrests at the same location, and had been on surveillance. All of these factors would lead up to the establishment of reasonable suspicion. Yet, the *370 officer observed nothing suspicious about the individuals or their actions. He witnessed only silhouettes in a car and the movement of one person’s arm. He did not know either driver or recognize their vehicles, had no tip regarding the individuals, did not see any drugs or money, and did not observe a hand-to-hand transaction. Rather, he witnessed a person enter the backseat of another vehicle for a few minutes, and move his arm. This observation was insufficient to raise the other factors to the level of reasonable suspicion. If we were to allow presence in a high crime area and prior arrests in the area to be sufficient to give rise to reasonable suspicion, then any law-abiding citizen who moves in such an area would be subject to an investigatory detention.
We disagree with the dissent’s suggestion that our opinion focuses on the fact that the officer neither saw the exchange nor knew the participants. Quite the contrary, we adhere to the well-established rule that each case must be judged on its particular facts and the “totality of the circumstances observed in light of the officer’s experience.” Id. The spectrum of other facts that might contribute to reasonable suspicion is as vast and varied as the human experience and incapable of being itemized. We simply find the facts to support reasonable suspicion in this case to be wanting.
For these reasons, we reverse the order denying the motion to suppress and remand the case to the trial court for further proceedings.

Reversed and Remanded.

POLEN, J., concurs.
GERBER, J., dissents with an opinion.

. The defendant sought to suppress the stop and arrest because without them, the officer had no way of obtaining her identification. Neither the officer nor the driver of the truck knew the defendant or her correct name.

. The State questions whether the trial court's ruling was dispositive. Our review of the transcript reflects that the trial court believed the ruling to be dispositive. J.J.V. v. State, 17 So.3d 881, 883 (Fla. 4th DCA 2009) (stating that “the lack of an express finding that the issue is dispositive is not fatal”).