932 So.2d 298 (2006)
Matilda M. DUBOIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-648.
District Court of Appeal of Florida, Second District.
January 4, 2006.
*299 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Matilda Dubois appeals the trial court's order modifying her probation to a 364-day suspended jail sentence. We reverse.
On September 3, 2004, a truck rearended Ms. Dubois' car and sped away. Ms. Dubois called the police. When an officer arrived at the scene, she gave him a false name. Subsequently, the Department of Corrections filed an affidavit alleging that Ms. Dubois violated condition 5 of her previously ordered probation by giving a false name to the officer. Condition 5 required Ms. Dubois to live and remain at liberty without violating the law. Ms. Dubois violated no law justifying a modification of her probation.
To constitute a crime, the giving of the false name must occur during an arrest or lawful detention. § 901.36, Fla. Stat. (2004). As our record reflects, Ms. Dubois was neither under arrest nor being detained by the officer.
The State concedes that it failed to prove a violation of condition 5. See J.P. v. State, 855 So.2d 1262, 1265 (Fla. 4th DCA 2003); Belsky v. State, 831 So.2d 803, 804-5 (Fla. 4th DCA 2002). Nevertheless, the State contends that the trial court's order can be affirmed based on a citation for driving with a suspended license issued to Ms. Dubois. This contention is meritless. A trial court may not revoke probation based on conduct not alleged in the affidavit of violation. Johnson v. State, 811 So.2d 749, 750 (Fla. 2d DCA 2002) (reversing revocation order without prejudice to State to refile appropriate affidavit).
Reversed.
SALCINES and STRINGER, JJ., Concur.