GROSS, J.
Christopher Williams pleaded no contest to three crimes and reserved his right to appeal the denial of a motion to suppress evidence. Because the handcuffing of Williams during a temporary detention amounted to an unlawful seizure, we reverse two of the convictions. We affirm the drug paraphernalia conviction, finding that the evidence was uncovered in a vehicle search to which Williams consented.
Deputy Shane Snyder of the Okeechobee County Sheriffs Office stopped a car for speeding. Once the vehicle was stopped, the deputy confronted the driver and appellant, who was in the passenger seat. Both men appeared nervous and had red, bloodshot eyes. Appellant would not make eye contact with the deputy. The driver told the deputy that they had been at a friend’s house all night. Deputy Snyder learned that the driver was driving with a suspended license and after a brief struggle, the deputy arrested the driver and placed him in the patrol car.
From dispatch, Deputy Snyder learned that appellant, the owner of the stopped car, had a valid driver license. The deputy had appellant step to the front of the car. In response to the deputy’s questions, appellant said he had no illegal narcotics, large amounts of cash, or weapons in the car. He further consented to a search of the vehicle. Before searching the vehicle, the deputy conducted a pat-down of appellant because of his “nervousness.” The pat-down uncovered a wallet in appellant’s rear pants pocket and a hard lump on appellant’s ankle, which turned out to be a large amount of cash.
*1181 Next, the deputy told appellant, “[y]ou are being detained at this point; you are not under arrest,” and proceeded to place him in handcuffs. Later, while still handcuffed, appellant tossed something into a ditch. The thrown object contained marijuana. A more thorough pat-down later revealed a vial containing methamphetamine in appellant’s crotch area. After the pat-down, the deputy found drug paraphernalia in the car.
At issue is whether the handcuffing of appellant constituted an illegal detention, which preceded the discovery of the marijuana and methamphetamine.
In Reynolds v. State, 592 So.2d 1082, 1084 (Fla.1992), the Florida Supreme Court approved the use of handcuffs as part of a temporary detention “where it was reasonably necessary to protect the officers’ safety or to thwart a suspect’s attempt to flee.” The court observed that the use of handcuffs during an investigative stop was permissible when it was “a reasonable response to the demands of the situation” and lasted “no longer than necessary to effectuate the purpose of the stop.” Id. at 1085. The Supreme Court defined the limits of the use of handcuffs during a temporary detention:
The methods employed must be the least intrusive means reasonably available to verify or dispel in a short period of time the officers’ suspicions that the suspect may be armed and dangerous. Absent other threatening circumstances, once the pat-down reveals the absence of weapons the handcuffs should be removed.
Id. (citation omitted).
Reynolds and its progeny have identified some of the factors that bear on the use of handcuffs during a temporary detention: (1) reasonable suspicion of a crime typically involving weapons, see Studemire v. State, 955 So.2d 1256 (Fla. 4th DCA 2007) (officers investigating a situation where guns had recently been fired); (2) the location of the arrest in a high crime area or in a “neighborhood known for a high incidence of cocaine trafficking and use,” Reynolds, 592 So.2d at 1085; (3) a night time arrest, id.; (4) whether the handcuffing lasted too long because the police failed to “diligently” confirm or dispel their suspicion that the suspect might be armed and dangerous, see Melendez v. Sheriff of Palm Beach County, 743 So.2d 1145, 1149 (Fla. 4th DCA 1999); (5) continued use of handcuffs even after a pat-down uncovered no weapons, see Cocke v. State, 889 So.2d 132, 133-34 (Fla. 4th DCA 2004).
Here, the stop was for speeding, a traffic infraction not typically associated with firearms. Before the deputy handcuffed appellant, the driver of the car was already in custody in the police car, so he posed no threat. The deputy’s pat-down, which uncovered no weapons, preceded the use of handcuffs; the deputy resorted to the restraints even where the fear that appellant was armed should have been dispelled. See Cocke, 889 So.2d at 134. The discovery of a wallet and cash during the pat-down did not elevate the stop to something more sinister than an investigation of a traffic incident. This case differs from Sanchez v. State, 712 So.2d 1152 (Fla. 5th DCA 1998), where the defendant’s failure to immediately stop his car, combined with other factors, justified the belief that the defendant “might have been armed and dangerous.” Unlike Sanchez, this is not a case where the circumstances justified the use of handcuffs during the temporary detention. The handcuffing of appellant constituted a seizure in violation of the Fourth Amendment.
This case is more analogous to Baggett v. State, 849 So.2d 1154, 1157 (Fla. 2d DCA 2003), where the second district reversed the denial of the defendant’s motion to suppress evidence. The court held that, *1182 assuming the initial detention was proper, it evolved into a de facto arrest without probable cause when the officer handcuffed the defendant and gave him his Miranda warnings. The officer expressed no concerns for his safety to support the handcuffing, no pat-down of the defendant was conducted to determine if he was armed, and there were no threatening circumstances to justify keeping him in handcuffs throughout the detention.
Appellant’s attempted disposal of the marijuana and the discovery of the methamphetamine followed the illegal seizure, so they must be suppressed as the fruits of the poisonous tree. E.g., Rachel v. Florida, 987 So.2d 1281, 1283 (Fla. 4th DCA 2008) (citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). As the trial court found, appellant consented to the search of his car before the unlawful seizure occurred; we therefore affirm the denial of the motion to suppress the drug paraphernalia found in the vehicle.
We reverse appellant’s convictions for possessing cannabis and methamphetamine and affirm the conviction for possession of drug paraphernalia.
SHAHOOD, C.J., and FARMER, J., concur.