PER CURIAM.
 

 The State appeals an order suppressing physical evidence and inculpatory statements made by appellee, Deon A. Edward, which were obtained after officers executed a search warrant of Edward’s residence and a subsequent arrest warrant. Because the incriminating evidence against Edward was discovered when officers illegally searched Edward’s trashcan on the carport of his home, and the State failed to establish that, absent the knowledge gained from this illegal search, the officers would have legally searched the garbage when it was placed curbside, we affirm.
 

 Littleton McNeil was shot and killed August 29, 2007. Edward was a person of interest in the subsequent homicide investigation. Detectives went to his residence to interview him. As the trial court found, “they arrived with no intention to search the trash at the home.” However, upon finding no one at the home and being uncertain if the home was occupied, one of the detectives lifted the trashcan lid to see if there was trash. Inside were shoes and a garment that appeared bloodied. The detectives did not immediately seize the items, but waited until the trash was taken to the curb in the public right-of-way. Thereafter, the bloodied items and a black carry-on bag were seized from the trash. The evidence which was retrieved was cited in the applications for the search warrant and arrest warrant which were subsequently issued.
 

 The State concedes that the initial search of the trashcan on Edward’s carport was illegal. Nevertheless, the State argues that, when the trashcan was placed on the street for collection, the contents therein were abandoned and Edward had no reasonable expectation of privacy in the trash.
 

 The State’s argument, however, ignores the fact that the police acquired knowledge of the contents of the trash illegally, and the State never introduced evidence that, without this knowledge, officers would have nonetheless searched the trashcan.
 

 The exclusionary rule provides that evidence obtained directly or indirectly from a violation of the fourth amendment is not admissible against an accused at trial.
 
 Wong Sun v. United States,
 
 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The harsh consequences of the “fruit of the poisonous tree” doctrine are ameliorated by three crucial exceptions. A court may admit such evidence if the
 
 state
 
 can show that (1) an independent source existed for the discovery of the evidence,
 
 Silverthorne Lumber Co. v. United States,
 
 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920); (2) the evidence would have inevitably been discovered in the course of a legitimate investigation,
 
 Nix v. Williams,
 
 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); or (3) sufficient attenuation existed between the challenged evidence and the illegal conduct,
 
 Wong Sun
 
 ....
 

 State v. Griffith,
 
 500 So.2d 240, 243 (Fla. 3d DCA 1986) (emphasis added). Here,
 
 *612
 
 the trial court found that the State failed to present sufficient evidence that any of these exceptions apply.
 

 AFFIRMED.
 

 BARFIELD, KAHN, and VAN NORTWICK, JJ., concur.