PER CURIAM.
Susan Faith (appellant) asserts error in the trial court’s denial of her dispositive motion to suppress evidence of possession of a controlled substance and resisting without violence. Concluding that the officer obtained the evidence supporting these convictions as a direct or indirect result of appellant’s illegal arrest and that no exception to the exclusionary rule was shown to apply, we reverse the convictions for possession and resisting. See Williams v. State, 993 So.2d 1179 (Fla. 4th DCA 2008).
While conducting a traffic stop of a car in which appellant was a passenger, an officer asked appellant for identification. Appellant provided a false birth date and a name other than her current one. The investigating officer then arrested appellant for obstruction by disguise, under section 843.03, Florida Statutes (2009), and placed her in a patrol vehicle. A subsequent search of her purse revealed methadone pills in her possession. After being handcuffed, appellant resisted. These new law violations served as the grounds for a violation of probation. Appellant pled no contest to the charges, reserving the right to appeal the denial of the motion to suppress.
At the suppression hearing, the court correctly concluded that appellant’s arrest for obstruction by disguise was illegal because she was neither under arrest nor subject to a lawful detention when she gave the false name and birth date to the officer. See § 901.36(1), Fla. Stat. (2009) (stating “[i]t is unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify ... herself in any way, to the law enforcement officer....”); Dubois v. State, 932 So.2d 298 (Fla. 2nd DCA 2006). The court dismissed this charge.
In support of her motion, appellant argued that both the pills and the behavior that formed the basis of the resisting charge were “fruits of the poisonous tree” stemming from her illegal arrest and thus inadmissible. See State v. Edward, 25 So.3d 610 (Fla. 1st DCA 2009); *934 Jackson v. State, 1 So.3d 273, 279 (Fla. 1st DCA 2009). Without making any supporting factual findings, the trial court concluded that the post-arrest search and what it revealed were legal, and denied the motion to suppress. Asserting that the suppression hearing was “problematic,” the State seeks a remand to the lower tribunal to allow the prosecution to clarify the evidence or to present additional evidence demonstrating why the post-arrest evidence should not be suppressed. Respectfully, we know of no authority, nor does the State offer any, that would entitle the prosecution, under these circumstances, to a second chance to present evidence opposing the motion to suppress. For these reasons, we REVERSE the convictions.
KAHN, LEWIS, and CLARK, JJ., concur.