# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0122
Lower Tribunal No. 22-CF-6930

_____

STATE OF FLORIDA,

Appellant,

v.

RAYSHARD BRINSON,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Robert J. Egan, Judge.

March 21, 2025

NARDELLA, J.

The State of Florida appeals an order granting Mr. Rayshard Brinson's motion to dismiss with prejudice the fourth amended information filed in this case. The State argues that dismissal of all charges is improper because there remains evidence from which the State may proceed to trial on two of the eight counts in the amended information. Finding merit in the State's argument, we reverse the dismissal of counts 1 and 7 for trafficking in phenethylamines and conspiracy to traffic in phenethylamines.

In the fall of 2020, law enforcement responded to a possible domestic violence dispute at Mr. Brinson's home. During the investigation, law enforcement collected

statements exonerating Mr. Brinson of domestic violence. However, they discovered that Mr. Brinson had an outstanding warrant for drug trafficking and arrested him.

After his arrest, Mr. Brinson began making calls from jail. In those calls, which law enforcement listened to, Mr. Brinson asked several individuals to remove "construction materials" from his residence and vehicle and deliver them to different "job sites." Believing that "construction materials" was a code word for drugs, law enforcement used this information to apply for a search warrant for Mr. Brinson's home. The warrant application stated it was for the purpose of continuing the domestic violence investigation and, notably, omitted the statements in law enforcement's possession exonerating Mr. Brinson of any domestic violence.

While waiting for the search warrant to be signed, law enforcement also began monitoring the individuals that Mr. Brinson spoke with during the calls. This ultimately led to a traffic stop of Mr. Brinson's co-defendant's vehicle and discovery of eight kilos of narcotics with a street value of $100,000.[1]

Later, the search warrant which law enforcement applied for was signed and a search of Mr. Brinson's home was carried out. This led law enforcement to additional incriminating evidence against Mr. Brinson including drugs, a laptop, and a cellphone which detailed the movement of drugs. Mr. Brinson subsequently filed

---

[1] Mr. Brinson never challenged the search of this vehicle and subsequent seizure of narcotics.

2

a motion to suppress this evidence asserting that the search warrant lacked probable cause. On consideration of the motion, the trial court concluded that the exonerating statements in law enforcement's possession were intentionally or recklessly omitted from the search warrant application and that had they been included, there would have been no probable cause supporting issuance of the warrant. Accordingly, the court suppressed "[a]ll evidence seized pursuant to the search warrant," including evidence discovered in Mr. Brinson's house and on his cellphone, a ruling which the State does not challenge.

What the State challenges is a subsequent order dismissing all charges based upon a new finding that all evidence implicating Mr. Brinson was obtained as a direct result of the faulty search warrant and fruit of the poisonous tree. The State asserts that not all evidence in this case was obtained through the warrant and that the evidence not subject to suppression is sufficient to proceed to trial with. It is this narrow issue that we address.

"The fruit of the poisonous tree doctrine is a court-made exclusionary rule 'which forbids the use of evidence in court if it is the product or fruit of a search or seizure or interrogation carried out in violation of constitutional rights.'" *Hatcher v. State*, 834 So. 2d 314, 317 n.4 (Fla. 5th DCA 2003) (quoting *Craig v. State*, 510 So. 2d 857, 862 (Fla. 1987)). In all, the exclusionary rule "encompasses both the 'primary evidence obtained as a direct result of an illegal search or seizure' and . . . 'evidence later discovered and found to be derivative of an illegality,' the so-called

'fruit of the poisonous tree.'" *Utah v. Strieff*, 579 U.S. 232, 237 (2016) (quoting *Segura v. United States*, 468 U.S. 796, 804 (1984)). At its core, the exclusionary rule requires a causal connection between the unconstitutional act and the discovery of evidence. *Id.* at 238.

The recorded calls Mr. Brinson made from jail and the subsequent search of his co-defendant's vehicle are unconnected to the tainted search warrant allowing law enforcement to search his home and his phone. Indeed, at the time law enforcement searched Mr. Brinson's home pursuant to the faulty search warrant and subsequently seized his phone, they had already gathered incriminating information from his jail calls and discovered eight kilos of narcotics in his co-defendant's vehicle. In sum, the evidence suppressed in the dismissal order could not have been derivative of an illegality where an illegality had yet to take place.[2] *See, e.g.*, *Williams v. State*, 993 So. 2d 1179, 1182 (Fla. 4th DCA 2008) (evidence discovered prior to illegality was not fruit of poisonous tree).

Because the trial court's conclusion that the motion to suppress was dispositive and required dismissal of all charges is legally erroneous, we reverse.

---

[2] Mr. Brinson never argued below that his arrest, which led to the jail calls, was illegal, nor could such an argument have been successful where he was arrested based on an outstanding warrant. Mr. Brinson also never argued below that law enforcement acted improperly in listening to the phone calls he made from the jail. Again, such an argument would have been unsuccessful, as nothing prohibits an officer from listening to these calls as inmates have no reasonable expectation of privacy in such calls. *See, e.g.*, *Jackson v. State*, 18 So. 3d 1016, 1029–30 (Fla. 2009), *cert. denied*, 558 U.S. 1151 (2010).

The eight kilos of narcotics found in the co-defendant's vehicle and Mr. Brinson's jail calls instructing the movement of "construction materials" is not fruit of the poisonous tree and not subject to suppression for this reason. Further, this evidence is sufficient, at this stage, for the State to proceed to trial. Accordingly, we reverse the trial court's order dismissing count 1 of the fourth amended information for trafficking in 400 grams or more of phenethylamines and count 7 of that information for conspiracy to traffic in 400 grams or more of phenethylamines.

REVERSED and REMANDED.

BROWNLEE, J., and LAMBERT, B.D., Associate Judge, concur.

James Uthmeier, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant

Blair Allen, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED