991 So.2d 990 (2008)
Nancy HOLLINGSWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-467.
District Court of Appeal of Florida, Fourth District.
October 1, 2008.
*991 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Nancy Hollingsworth appeals her convictions for possession of alprazolam, oxycodone, cocaine, tampering with evidence, and possession of drug paraphernalia on the ground that the trial court erred in denying her motion to suppress. We reverse, holding that the arresting officer did not have reasonable suspicion to conduct an investigatory stop.
Prior to pleading no contest, Ms. Hollingsworth filed a motion to suppress evidence seized pursuant to an investigatory stop and arrest. At the hearing on the motion to suppress, the state presented the testimony of a Broward County Sheriff's deputy who testified that on April 27, 2004, at approximately 10:00 p.m., he and another deputy responded to a call concerning the sale of narcotics in an area known for drug activity. All area businesses were closed at the time. After responding to the call, both deputies remained in the area talking to one another from their patrol cars. One of the deputies testified that when he first saw Ms. Hollingsworth she was approximately ten to twenty feet away, walking toward him. After noticing the deputies' presence, Ms. Hollingsworth proceeded at a fast pace in the opposite direction, turning back around the corner from where she came. The deputies then followed Ms. Hollingsworth in their respective vehicles and observed her duck behind a parked van. One of the deputies exited his vehicle and ordered Ms. Hollingsworth to stop. She continued, however, to walk at a fast pace in the opposite direction. The deputy then ran after Ms. Hollingsworth and detained her in order to ask her to explain her presence. She responded that she was there to purchase crack cocaine. Ms. Hollingsworth was then arrested for loitering and prowling. A search incident to her arrest revealed narcotics and drug paraphernalia, resulting in her drug-related charges.
At the hearing on the motion to suppress, Ms. Hollingsworth argued that the officer lacked reasonable suspicion to conduct an investigatory stop and that her subsequent arrest for loitering and prowling was without probable cause. Accordingly, she argued, her admission that she was in the area to purchase drugs and the evidence seized pursuant to the arrest were inadmissible. The trial court denied the motion to suppress. She pled no contest to the new charges and admitted to the violations of probation, preserving her right to appeal the trial court's denial of her motion to suppress.[1]
*992 We accept the trial court's factual determinations in a motion to suppress, but review de novo whether the application of the law to the historical facts establishes an adequate basis for the trial court's finding of reasonable suspicion or probable cause. Lee v. State, 868 So.2d 577, 579 (Fla. 4th DCA 2004) (citing Curtis v. State, 748 So.2d 370, 371 (Fla. 4th DCA 2000)).
"To justify an investigatory stop, the arresting officer had to have a reasonable suspicion that [Ms. Hollingsworth] had committed, was committing, or was about to commit a crime." Mitchell v. State, 955 So.2d 640, 642 (Fla. 4th DCA 2007) (citing Stennes v. State, 939 So.2d 1148, 1149 (Fla. 4th DCA 2006)); accord Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Here, the officer suspected Ms. Hollingsworth of loitering and prowling in violation of section 856.021, Florida Statutes (2004). The crime of loitering and prowling has two elements: (1) the defendant loitered and prowled "in a place, at a time, or in a manner not usual for law-abiding individuals," and (2) the loitering occurred under "circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." § 856.021(1), Fla. Stat. (2004).
"With respect to the first element, the state must establish that the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to time, place, or manner of the conduct involved." E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999). "The gist of the [first element] is conduct which comes close to, but falls short of, the actual commission or attempted commission of a substantive crime and which must be alarming in nature, pointing toward an imminent breach of the peace or threat to public safety." Id. As to the second element, there is a presumption of alarm if the defendant "flees, [or] conceals himself or any object." B.J. v. State, 951 So.2d 100, 102 (Fla. 4th DCA 2007) (citing § 856.021(2), Fla. Stat. (2004)).
When the police initially observed Ms. Hollingsworth, she was walking alone on a public street at 10:00 p.m. in an area surrounded by closed businesses. She was not lurking, hiding, or otherwise attempting to conceal herself. Moreover, her conduct did not raise a justifiable and reasonable alarm or point toward an imminent breach of the peace or threat to public safety. See Stephens v. State, 987 So.2d 182, 184 (Fla. 2d DCA 2008) (finding that the defendant's "mere presence in the parking lot [of a closed business] was insufficient to raise an immediate concern for the safety of persons or property" (emphasis in original)). Although Ms. Hollingsworth later attempted to conceal herself, this conduct occurred after the deputies started to pursue her, not when she was first observed. Her response to the police pursuit cannot be used retroactively to support an imminent suspicion of criminal activity. Cf. id. (deciding that the "offense of loitering and prowling must be complete before any police action occurs"). Accordingly, the deputies lacked a reasonable suspicion of criminal activity to justify an investigatory stop.
Consequently, the trial court erred in denying the motion to suppress. For that reason, we reverse Ms. Hollingsworth's convictions and remand for further proceedings consistent with this opinion.
Reversed.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Because Ms. Hollingsworth was on probation at the time of the new offenses, she was also charged with violating her probation in case number 01-13424 CF10A.