TORPY, J.
The sole issue framed for our review is whether the trial court erred in concluding that there existed an objectively reasonable basis to stop the vehicle in which Appellant was a passenger. Our disposition of this issue turns on whether police officers had “reasonable suspicion” to believe that the car contained a person who was the subject of outstanding arrest warrants, justifying the detention. Concluding that reasonable suspicion did support the stop, we affirm.
In early July 2008, Donald Evans, who had numerous outstanding arrest warrants, eluded Marion County deputies following a high speed pursuit. A week later, the Marion County Sheriffs Office received an anonymous tip through “crime stoppers” that Evans was staying at a house near Vanguard High School. Sheriffs Deputy Collins then contacted Courtney Wilson, Evans’ bail bondsman, who Collins knew also desired to apprehend Evans. Wilson related that he had driven by the same house earlier in the day and “thought he had seen [Evans] out in front of the house.” Wilson agreed to meet officers in the area of the house to assist them in attempting to find Evans. Once Wilson arrived in the area, it was agreed that he would watch the house and notify officers if he saw Evans.
Around midnight, Wilson saw a car pull up and stop at the house. Several people congregated around the car, then got in it and hurriedly drove away. Deputy Collins testified that Wilson informed him that Evans was a passenger in the car. Wilson denied telling Deputy Collins that Evans was in the car, but acknowledged that he informed Sheriffs deputies that the car was leaving at an accelerated rate of speed and that they should stop the car. In any event, the deputies stopped the car and ordered the occupants out at gunpoint. Evans was not among the occupants.[1] Appellant was one of the occupants in the car. During the stop, deputies located a gun beneath Appellant’s seat and arrested him for possession of a firearm by a convicted felon.[2] The trial court did not specifically resolve the apparent conflict in the testimony regarding what Wilson had told the deputies. It did find, however, that the *134 stop was not the product of “whim, caprice or desire to harass all drivers leaving Evans’ house.” It concluded that, under the totality of the circumstances, the police officers acted reasonably in stopping the vehicle. We agree.
Reasonable suspicion is an amorphous legal concept. Ornelas v. United States, 517 U.S. 690, 695-96, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). The courts define it not by what it is, but by what it isn’t. It’s something more than a “mere hunch,” but “considerably less” than a preponderance of the evidence. Wallace v. State, 8 So.3d 492, 494-95 (Fla. 5th DCA 2009) (quoting Ornelas, 517 U.S. at 695-96, 116 S.Ct. 1657). A “mere hunch” is a suspicion based on bare intuition alone without supporting facts. Id.
Whether Wilson had a reasonable belief that Evans was in the car is not the question here. The question is whether the deputies had a reasonable belief that Evans was in the car. Under these circumstances, we conclude that they did. The deputies were looking for Evans, a wanted felon. They believed he might be found at a particular house, based on information supplied by both an anonymous tip and Wilson. They set up surveillance for the express purpose of locating him. Wilson, who was familiar with Evans, agreed to watch for him and notify the deputies of Evans’ presence. When Wilson advised them to stop a particular car that was leaving the area hurriedly, it was reasonable for the deputies to believe that Evans was in the car, whether Wilson actually saw Evans or not.
AFFIRMED.
EVANDER, J., concurs.
COHEN, J., dissents with opinion.

. Evans was arrested later that evening at the residence in question.

. After the stop, Appellant told deputies that he had a gun. The use of this statement and the retrieval of the gun based on the admission is not an issue on appeal.