PALMER, J.
The State appeals the order entered by the trial court granting the motion to suppress filed by Juvan Nichols (defendant).[1] Determining that probable cause existed to stop defendant and to pat him down, we reverse the court’s suppression order.
The State filed a two count information charging the defendant with possession of a firearm by a convicted felon,[2] and carrying a concealed firearm.[3] Thereafter, the defendant filed a motion to suppress in which he alleged that the State acquired evidence pursuant to an unlawful search and seizure of his person. Specifically, the defendant contended that he was unlawfully detained and subsequently searched by an officer following his alleged violation of a pedestrian traffic statute, section 316.130(12) of the Florida Statutes (2009).[4] The defendant argued that he did not violate section 316.130(12) and, therefore, his seizure and subsequent search were unlawful.
At the hearing on the defendant’s suppression motion, the arresting officer testified that when he spotted the defendant crossing the street in a diagonal direction he activated his emergency lights, stepped out of his car, and made contact with the defendant. The officer stated that his in *795 tention was to stop the defendant for jaywalking; however, when the defendant raised his arms up, the officer immediately observed a bulge in the defendant’s waistband. The officer testified that the bulge led him to believe that the defendant may have been armed and, therefore, he patted the defendant down, and determined that the bulge was the grip of a pistol. The officer removed a Colt revolver from the defendant’s waistband.
Upon reviewing the evidence, the trial court granted the defendant’s motion to suppress, concluding that the stop was invalid. The court also found that the arresting officer did not have probable cause to conduct a pat-down search of the defendant. Specifically, the court ruled as follows:
THE COURT: I probably agree with the dissent in [Dobson v. State, 737 So.2d 590, 592 (Fla. 4th DCA 1999) (holding that the officer was justified to conduct a pat-down search when he observed a bulge in the defendant’s pocket and thought it could have been a weapon) ] more than I do with the majority ... because I don’t believe the officer had probable cause for a pat-down. And I don’t think he had probable cause, or even reasonable suspicion, to turn around and stop him, even if there’s a 10-foot discrepancy. He doesn’t know where he was going. He can’t say where the shortest route was.
And by [the defendant’s] testimony and by the officer’s testimony, he was acting in compliance with [section 316.130(10) ], which says, the passenger shall yield the right of way to vehicles upon the roadway.
[PROSECUTOR]: But that’s the dissenting opinion, Judge. That’s not controlling case law, if the ...
THE COURT: I’m not citing that as my reason. I’m citing the lack of the officer’s probable cause or reasonable suspicion to turn around and pull him over. He even had to go back and verify by measuring that at most, it was a 10-foot derivation ... And even if there’s a 10-foot discrepancy, no reasonable person would find that a 10-foot deviation in crossing the street, you know, is criminal or even non-criminal sanctionable activity. There’s absolutely no crosswalks, and nothing other than an open curving street.
And he’s crossing the street. He yields the right of way to the officer, who then does a U-turn and pulls him over. And I just don’t think there’s any probable cause for it ... So the motion to suppress is granted.
The State challenges the trial court’s suppression order, arguing that the trial court made incorrect conclusions of law. We agree.
First, the trial court erred in concluding that the arresting officer lacked probable cause to stop the defendant for jaywalking. The officer witnessed the defendant crossing the street in a diagonal direction. Section 316.130(12) of the Florida Statutes states that, when there is no available cross-walk, an individual must cross the street by a route at right angles to the curb or the shortest distance possible. A diagonal route across the street is not shorter than a direct route at right angles to the curb. Thus, the arresting officer had probable cause to stop the defendant to issue him a citation because the officer could have reasonably concluded that the defendant was jaywalking.
Second, the trial court erred in concluding that the officer did not have probable cause to conduct a protective pat-down search of the defendant. An officer is permitted to conduct a protective pat-down search of a suspect when the officer *796 has probable cause to believe that the individual is armed with a dangerous weapon and poses a threat to the officer or other persons. Dewberry v. State, 905 So.2d 963, 966 (Fla. 5th DCA 2005); see also § 901.151(5) Fla. Stat. (2009). Probable cause in the protective search context is more akin to a reasonable suspicion standard. State v. Webb, 398 So.2d 820, 822 (Fla.1981). Whether an officer has a reasonable suspicion that a suspect is armed is an objective standard. See Terry v. Ohio, 392 U.S. 1, 28, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Contrary to the trial court’s conclusion, the arresting officer was justified in conducting a protective pat-down in this case because the stop of the defendant was valid and the officer’s observation of a bulge in the defendant’s waistband created an objectively reasonable suspicion that the defendant was armed with a dangerous weapon and posed a threat to the officer’s safety. See R.R. v. State, 715 So.2d 1062, 1063 (Fla. 5th DCA 1998) (stating that “[bjecause of the valid traffic stop and the bulge in the appellant’s pocket, the deputy was entitled to conduct a protective pat down search for weapons.”) (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); see also Dobson v. State, 737 So.2d 590, 592 (Fla. 4th DCA 1999) (holding that the officer was justified in conducting a pat-down search when he observed a bulge in the defendant’s pocket and thought it could have been a weapon); State v. Vera, 666 So.2d 576, 577 (Fla. 2d DCA 1996) (reversing and remanding trial court’s order granting the defendant’s motion to suppress and holding that the officer had probable cause to search the defendant after a valid stop and viewing a bulge in the defendant’s back pocket which appeared to be a weapon); State v. Callaway, 582 So.2d 745, 745-46 (Fla. 2d DCA 1991) (reversing and remanding trial court’s order granting the defendant’s motion to suppress because the officer had probable cause to conduct a protective frisk when it appeared to the officer that the suspect had something in the pockets of his heavy coat that could threaten the officer’s safety).
REVERSED and REMANDED.
TORPY and LAWSON, JJ., concur.

. This court possesses jurisdiction pursuant to rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure.

. See § 790.23 Fla. Stat. (2009).

. See § 790.01(2) Fla. Stat. (2009).

. Section 316.130(12) of the Florida Statutes (2009) states, in pertinent part:
Pedestrians; traffic regulations
[[Image here]]
(12) No pedestrian shall, except in a marked crosswalk, cross a roadway at any other place than by a route at right angles to the curb or by the shortest route to the opposite curb.