VAN NORTWICK, J.
The State of Florida appeals the trial court’s order granting appellee’s motion to suppress based on the trial court’s finding of a lack of probable cause. We conclude that the police officer had probable cause to stop Williams because the officer could have reasonably concluded that, by walking down the middle of a street, Williams was violating a traffic law. Further, the undisputed evidence establishes that, for *545 purposes of search and seizure, Williams abandoned the bottle in which law enforcement found drugs. Accordingly, the suppression order is reversed and the cause remanded.
A law enforcement officer saw Reamon Williams, appellee, standing in the street conversing with other people. The officer followed Williams down the street when Williams turned to leave. Williams was walking down the middle of the road. After making a suspicious person call and stopping Williams, the officer was informed that Williams had no current warrants. Williams consented to a pat down, but denied the officer’s request to search him. By this time, other officers had arrived at the scene, but did not become involved with Williams. Nothing was discovered during the pat down. Subsequent to the pat down, an Advil bottle fell from Williams’ pants. Williams denied ownership of the bottle. The officer ordered Williams to the ground, retrieved the bottle, and opened it. The bottle contained crack cocaine. Subsequent to Williams’ arrest, officers found marijuana on his person as well.
Williams filed a motion to suppress any evidence obtained following the stop by the officer and the search of the Advil bottle. At the hearing, the State argued that the officer legally stopped Williams for a pedestrian violation and that the Advil bottle was abandoned when Williams denied ownership. The defense argued that only one of the four officers interviewed claimed Williams denied ownership and that no reference to the statement was made in the probable cause affidavit filed by the same officer. Williams further argued that he never had the opportunity to reclaim his property. The court granted Williams’ motion to suppress, ruling that there was no reasonable suspicion to pat down Williams and that he did not consent to the search. The trial court also found that the search of the Advil bottle was unlawful because there was no probable cause to search it. The trial court found that the incident was a “pretextual stop based on profiling, not probable cause.” This appeal followed.
Appellate courts must independently review mixed questions of law and fact that ultimately determine constitutional issues arising in the context of the Fourth Amendment. Connor v. State, 803 So.2d 598, 608 (Fla.2001). The competent, substantial evidence standard of review applies to findings of fact made during an evidentiary hearing. See Teffeteller v. Dugger, 734 So.2d 1009, 1017 (Fla.1999). Testimony that is not impeached, discredited, or controverted, nor is self-contradicting or physically impossible, must be accepted by the trial court. See State v. Daniel, 665 So.2d 1040, 1044 n. 2 (Fla.1995), rev’d on other grounds, Holland v. State, 696 So.2d 757 (Fla.1997); see also State v. G.H., 549 So.2d 1148, 1149 (Fla. 3d DCA 1989).
The trial court’s order granting Williams’ motion is based on findings of fact not supported by competent, substantial evidence and is an incorrect application of case law. The trial court found that the stop was “a pre-textural [sic] stop ... based on nothing more that [sic] profiling by the Officers.” However, whether the stop was pre-textual is irrelevant as long as the officers had probable cause to believe a violation of law had occurred. See Whren v. State, 517 U.S. 806, 811, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (“[O]nly an undiscerning reader would regard [previously discussed cases] as endorsing the principle that ulterior motives can invalidate police conduct that is justifiable on the basis of probable cause to believe that a violation of law has occurred.”); see also Holland v. State, 696 So.2d 757 (Fla.1997). We agree with the State that the officer had probable cause to stop Williams based *546 on the violation of a pedestrian traffic statute, section 316.130(4), Florida Statutes (2012).[1] See State v. Nichols, 52 So.3d 793, 795 (Fla. 5th DCA 2010) (“[T]he arresting officer had probable cause to stop the defendant to issue him a citation because the officer could have reasonably concluded that the defendant was jaywalking” in violation of section 316.130(12)).
We also find that no competent substantial evidence supports the trial court’s finding that the Advil bottle was not abandoned. One of the officers stated in his deposition[2] that, after the Advil bottle fell from Williams’ pants, Williams stated that the bottle was not his. While it is true that none of the other officers claimed Williams made this statement, none of them were asked about the statement and none claimed Williams did not make the statement. Thus, the officer’s statement was neither “impeached, discredited, or controverted,” nor was it “self-contradicting or physically impossible.” As such, the trial court was bound to accept the officer’s statement. See G.H., 549 So.2d at 1149; Daniel, 665 So.2d at 1044 n. 2.
The State cites numerous cases for the proposition that probable cause is not required when searching abandoned property. See, e.g., Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). While improper acts by law enforcement prior to abandonment may render the abandonment void, see State v. Nittolo, 317 So.2d 748, 749 (Fla.1975), no improper or unlawful act preceded Williams’ abandonment. In determining whether property was abandoned for purposes of search and seizure analyses, “[t]he test ... is whether a defendant voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.” State v. Lampley, 817 So.2d 989, 991 (Fla. 4th DCA 2002) (internal quotation and citations omitted). In determining whether a defendant “voluntarily discarded, left behind, or otherwise relinquished his interest,” the primary question concerns the individual’s “intent, to be inferred from the words and actions of the parties and other circumstances surrounding the purported abandonment.” Kelly v. State, 536 So.2d 1113, 1114 (Fla. 1st DCA 1988).
Nothing in the record indicates Williams’ statement denying ownership of the bottle was involuntary, and Williams does not assert such. When Williams stated that the Advil bottle was not his, he ceded his interest in it, and no longer had any reasonable expectation of privacy towards it. Lampley, 817 So.2d at 991. Consequently, the trial court failed to correctly apply the law governing seizure of abandoned property in relation to the Fourth Amendment when it issued the order-devoid of any abandonment analysis-granting Williams’ motion on the grounds of lack of probable cause.
Williams argues, on the authority of Hilton v. State, 961 So.2d 284 (Fla.2007), that *547 the initial stop was improper because he was not creating a safety hazard while walking on the street. The Hilton court held that a traffic stop based on a cracked windshield — resulting in the subsequent discovery of marijuana — was improper because the alleged traffic violation did not create an “unsafe” situation. Id. at 297. We find Hilton distinguishable from the instant case, however, in that the Hilton court’s reliance on the creation of an “unsafe” condition was based on express statutory language. The statute at issue in Hilton allowed officers to stop a vehicle upon reasonable belief that the vehicle was “unsafe or not equipped as required by law, or that its equipment [was] not in proper adjustment or repair.” § 316.610, Fla. Stat. (2001). Based on the statutory language, the Florida Supreme Court determined the only way the stop would have been proper was if the crack rendered the vehicle “unsafe.” See Hilton, 961 So.2d at 295. There is no similar “safety hazard” language in the statute at issue here.
REVERSED and REMANDED.
MARSTILLER and RAY, JJ., concur.

. Section 316.130(4), Florida Statutes (2012) provides:
Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the shoulder on the left side of the roadway in relation to the pedestrian’s direction of travel, facing traffic which may approach from the opposite direction.

. Transcripts of the officers’ depositions were considered during the suppression hearing in lieu of live testimony. As such, the trial court was in no better a position to judge credibility than this court. Raehn v. Raehn, 557 So.2d 152, 155 n. 3 (Fla. 1st DCA 1990) ("When the trier of fact determines witness credibility on the basis of transcribed deposition testimony, a reviewing appellate court is equally able to judge such credibility.”).