IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

    Petitioner,

v.

JAMES THOMAS,

    Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4718

Opinion filed November 2, 2016.

Petition for Writ of Certiorari.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Petitioner.

Jeffrey E. Lewis, Criminal Conflict & Civil Regional Counsel, and Daren L. Shippy, Assistant Regional Conflict Counsel, Tallahassee, for Respondent.

ROWE, J.

The State seeks certiorari review of an order denying its motion to reconsider the suppression of evidence in its retrial of Respondent, James Thomas. The trial court denied the State's motion, finding that the law of the case doctrine barred it from reconsidering the suppression ruling. Because the issue presented by the State was not considered or decided during the prior proceedings, the trial court departed

from the essential requirements of law when it failed to reach the merits of the State's motion. Further, as the exclusion of evidence constitutes irreparable harm to the State that cannot be remedied on post-judgment appeal, we grant the petition.

*I. Facts*

On September 13, 2008, a young woman reported that as she was walking home from a nightclub, a man approached her and identified himself as an undercover officer. The man told her he was on a security detail monitoring suspicious activity in the area and that he would escort her safely to her apartment, which was located nearby. Instead of walking her to her apartment, however, the man steered the victim off the sidewalk toward a construction zone and behind a wall. When the victim screamed, she was pushed to the ground, beaten to the point of unconsciousness, and raped. Her purse and cell phone were taken, and she was left alone at the construction site, with injuries to her face, wrist, and ankle.

After the victim regained consciousness, she ran to the street for help. The incident was reported to police and "[a]pproximately 24 hours later, police were able to track [the victim's] cell phone to the apartment Mr. Thomas shared with his girlfriend." Thomas v. State, 127 So. 3d 658, 659–60 (Fla. 1st DCA 2013) (footnotes omitted). Due to considerations relating to the confidential nature of the technology used to locate the phone, the police officers did not attempt to obtain a search warrant, but instead sought consent to search from the occupants of the

2

apartment.  Id. at 660.  When officers knocked on the apartment door around five a.m., Thomas's girlfriend, Diedre Simmons, answered but refused the officers entry.  Id.  When she attempted to close the door, an officer "placed his foot inside the doorway to prevent her closing the door, removed her from the apartment, commanded anyone else inside the apartment to come outside, and entered the apartment with other officers."  Id. at 660-61 (footnotes omitted).

A few hours later, after Thomas had been taken to the police station and after Simmons learned that the police were investigating a brutal beating and rape, she gave consent for the officers to continue the search of the apartment.  Id. at 661, 667.  Thomas was arrested and charged with kidnapping, sexual battery with use of physical force, and robbery.

## II. Procedural History

Prior to Thomas's trial, he moved to suppress the evidence obtained as a result of the search of the apartment, including the victim's underwear, purse, and cell phone, as well as statements he made to law enforcement.  The trial court denied the motion, concluding that the warrantless entry was justified by exigent circumstances and that even if it was not, Simmons's consent was freely given and broke the chain of illegality.  After a jury trial, Thomas was convicted of the lesser-included offenses of petit theft and sexual battery.

3

Thomas appealed, arguing that exigent circumstances did not excuse the warrantless entry of the apartment and that Simmons's consent to the search was involuntary. A majority of this Court agreed, reversed Thomas's convictions, and remanded for a new trial. Id. at 662-67; but see id. at 667 (Makar, J., dissenting) (opining that although the initial entry was unlawful, Simmons's consent, which occurred when she discovered "the gravity of the violent sex crime being investigated," was freely and voluntarily given, and broke the chain of illegality).

Following this Court's decision, the United States Supreme Court decided Heien v. North Carolina, 135 S. Ct. 530 (2014). In Heien, the Supreme Court held that, as with objectively reasonable mistakes of fact, an officer does not run afoul of the Fourth Amendment where the officer acts based on an objectively reasonable mistake of law. Id. at 534. Prior to Thomas's retrial, the State sought reconsideration of the suppression ruling, citing Heien and arguing that the officers who executed the search of the apartment were operating under a reasonable mistake of law because they acted based on what they believed was valid consent from Simmons. In response, Thomas asserted that the law of the case precluded reconsideration of the suppression ruling. The trial court agreed, and denied the State's motion. This petition followed.

4

*III. Analysis*

"A petition for writ of certiorari is the proper vehicle for seeking review of a pretrial order excluding critical evidence from the State's case in a criminal trial." State v. Baldwin, 978 So. 2d 807, 808 (Fla. 1st DCA 2008). "In order to obtain relief, [a] petitioner must demonstrate that the order to be reviewed departs from the essential requirements of law and causes material injury to the petitioner throughout the proceedings below, leaving no adequate remedy on appeal from final order." State v. Lozano, 616 So. 2d 73, 74 (Fla. 1st DCA 1993). Here, the trial court determined that the law of the case precluded consideration of the State's motion to revisit the suppression ruling in Thomas's case. The State argues that because the trial court and this Court were not previously asked to consider or decide whether the officers were operating under an objectively reasonable mistake of law when they searched the apartment based on Simmons's consent, the law of the case did not bar the lower court from considering the issue on remand. We agree.

Only questions of law actually considered and decided during a previous proceeding become law of the case. See Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So. 3d 269, 275 (Fla. 1st DCA 2012) ("[T]he doctrine of the law of the case can be applied only to a point of law that was actually decided on appeal. It does not bar consideration of a point merely because it could have been presented and decided."); Florida Dep't of Transp. v. Juliano, 801 So. 2d 101, 106 (Fla. 2001).

5

Here, the question of law raised in the State's motion was not presented or decided in the previous proceedings. Thus, the trial court's conclusion that law of the case prevented it from considering the merits of the State's motion was a departure from the essential requirements of law.

After determining that the law of the case barred consideration of the State's motion, the trial court went on to observe that it was without authority to modify the law of the case, citing State v. Owen, 696 So. 2d 715 (Fla. 1997), for the proposition that in order to alter the law of the case, a matter must be presented to the appellate court that previously decided the issue. The trial court's reliance on Owen was misplaced. Although, as here, Owen involved the reconsideration of a suppression motion following an appeal resulting in a reversal and retrial, as well as an intervening decision by the United States Supreme Court between the first and second appeals on a question of law relevant to the suppression motion, the similarities between the cases end there. In Owen, the central issue in both appeals was whether a confession obtained after an equivocal request to terminate questioning violated the Fifth Amendment and the protections of Miranda v. Arizona, 384 U.S. 436 (1966). Owen, 696 So. 2d at 717. During his first trial, Owen was convicted of first-degree murder and sentenced to death. Owen v. State, 560 So. 2d 207, 209 (Fla. 1990). On direct appeal to the Florida Supreme Court, Owen argued that his confession should have been suppressed because it was

6

obtained after an equivocal request to terminate questioning. Id. at 210-11. The Court agreed with Owen's argument, and reversed and remanded for a new trial. Id.

Four years after the first appeal in Owen's case but before his retrial, the United States Supreme Court decided Davis v. United States, 512 U.S. 452 (1994), and held that suppression is not warranted for confessions obtained after an equivocal request for counsel during interrogation. Prior to Owen's retrial, the State, citing Davis, moved for reconsideration of the ruling suppressing Owen's confession. Owen, 696 So. 2d at 717. The trial court denied the motion, and the State sought certiorari relief in the Fourth District Court of Appeal. Id.

The Fourth District denied the petition, concluding that the suppression of the confession was governed by the law of the case but also expressing its uncertainty whether the rule in Davis bound Florida courts: "If we were certain that Davis was the law in Florida, and if this specific confession had not already been held inadmissible by the Florida Supreme Court, we would grant certiorari, because the pretrial refusal to admit this confession would be a departure from the essential requirements of law for which the state would have no adequate remedy by review." State v. Owen, 654 So. 2d 200, 201 (Fla. 4th DCA 1995). The Fourth District then certified a question to the Florida Supreme Court, seeking clarification

of whether <u>Davis</u> was binding authority in Florida. [1] The Florida Supreme Court answered in the affirmative, expressly adopted <u>Davis</u>, and held in Owen's case that the decision in <u>Davis</u> was an exceptional circumstance warranting modification of the law of the case. <u>Owen</u>, 696 So. 2d at 717-20.

Because the question of law presented and decided in Owen's first appeal was the precise question of law presented in his second appeal, the supreme court's decision to follow <u>Davis</u> and not to suppress Owen's confession was in fact a modification of the law of the case. In contrast, in Thomas's case, the question of law presented in the State's motion—whether the officers acted in reliance on a reasonable mistake of law during the search of the apartment—was never presented or decided in the prior proceedings. For this reason, we hold that the trial court was not barred by the law of the case from considering the question of law presented in

---

[1] We observe that <u>Davis</u> construed the Fifth Amendment right against self-incrimination and right to counsel during custodial interrogation in accordance with <u>Miranda</u>, while the intervening decision cited as authority in this case, <u>Heien</u>, is a search and seizure case arising under the Fourth Amendment to the United States Constitution. <u>See</u> <u>Heien</u>, 135 S. Ct. at 534; <u>Davis</u>, 512 U.S. at 458. Thus, while the Fourth District in <u>Owen</u> was uncertain whether the decision in <u>Davis</u> rendered Owen's confession admissible under the Florida Constitution, no such uncertainty is present in Thomas's case. As a Fourth Amendment decision by the United States Supreme Court, <u>Heien</u> was immediately binding on Florida courts by virtue of the conformity clause of the Florida Constitution. <u>See</u> Art. I, § 12, Fla. Const. <u>See also</u> <u>G.M. v. State</u>, 19 So. 3d 973, 977 (Fla. 2009)("The Florida Constitution expressly provides that the right [to be free from unreasonable searches and seizures] must be construed in conformity with the Fourth Amendment to the United States Constitution, as interpreted by the United States Supreme Court.").

8

the State's motion to reconsider the suppression ruling.  The failure to consider the merits of the State's motion was a departure from the essential requirements of law.

We further conclude that the State met its burden to demonstrate a material injury that cannot be remedied on post-judgment appeal.  See Lozano, 616 So. 2d at 74.  As the Florida Supreme Court has observed, the people of this state are harmed when courts enforce "undue restrictions of legitimate law enforcement activity."  Owen, 696 So. 2d at 720.  Absent certiorari relief, the State here "could only proceed to trial with its ability to present the case significantly impaired," and would be precluded by double jeopardy principles from seeking review if Thomas were ultimately acquitted.  State v. Pettis, 520 So. 2d 250, 253 (Fla. 1988).   For this reason, "[t]he ability of the district courts of appeal to entertain state petitions for certiorari to review pretrial orders in criminal cases is important to the fair administration of criminal justice in this state. Otherwise, there will be some circumstances in which the state is totally deprived of the right of appellate review of orders which effectively negate its ability to prosecute." Id.

Because the trial court departed from the essential requirements of law resulting in a material injury to the State, we grant the petition, quash the order on appeal, and remand for further proceedings consistent with this opinion. [2]

---

[2] After briefing in this appeal was completed, the United States Supreme Court decided Utah v. Streiff, 136 S. Ct. 2056 (2016).  The State filed a notice of supplemental authority, citing Streiff.  Like Heien, Streiff is a Fourth Amendment

9

KELSEY and JAY, JJ., CONCUR.



decision. Id. at 2059. In Streiff, the Supreme Court reinforced the principle that the suppression of evidence is only warranted where the deterrent benefits of exclusion outweigh its social costs. Id. at 2061. The Supreme Court, applying the attenuation doctrine, determined that the exclusionary rule did not require the suppression of evidence recovered during a search incident to arrest upon the discovery of an active warrant after an invalid detention because the good-faith nature of the police misconduct and the presence of an intervening circumstance (the discovery of the warrant) outweighed the fact that the discovery of the evidence was close in time to the official misconduct. Id. at 2063. On remand, the trial court may also consider whether suppression of the evidence in Thomas's case is required under Streiff.