# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-744
Lower Tribunal No. J23-909
_____

**Z.S.F., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dawn Denaro, Judge.

Carlos J. Martinez, Public Defender and Andrew Stanton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

GORDO, J.

Z.S.F., a juvenile, appeals a final order adjudicating him delinquent and placing him on probation. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

Z.S.F. challenges the trial court's denial of his motion to suppress a firearm recovered from his person during a search incident to his arrest.[1] He was adjudicated delinquent for resisting an officer without violence, carrying a concealed firearm and possession of a firearm by a minor.

We conclude the State presented competent substantial evidence to support the trial court's finding that the arresting officer could legally stop Z.S.F. for jaywalking. While Z.S.F. contends he was not jaywalking, the officer had an objectively reasonable basis to believe he committed such an act, which was sufficient to justify the stop. As a result, the officer's attempt

---

[1] "This Court's review of the trial court's ruling on the motion to suppress involves a mixed question of law and fact." State v. Milewski, 194 So. 3d 376, 378 (Fla. 3d DCA 2016). "When reviewing a motion to suppress, the standard of review applied to the trial court's factual findings is whether competent, substantial evidence supports the findings." State v. Quinn, 41 So. 3d 1011, 1013 (Fla. 5th DCA 2010). "However, the appellate court reviews de novo the trial court's application of the law to the facts." Id. "A trial court's ruling on a motion to suppress comes to the appellate court with a presumption of correctness, and the reviewing court must interpret the evidence in the light most favorable to sustaining the trial court's ruling." Id. "[A]s long as the trial court's findings are supported by competent substantial evidence, this Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court." Cruz v. State, 320 So. 3d 695, 712 (Fla. 2021) (internal quotation marks and citation omitted).

to temporarily detain Z.S.F. for this traffic infraction and issue a citation was lawful. In resisting that lawful detention by fleeing, Z.S.F. committed the delinquent act of resisting an officer without violence. The firearm recovered incident to his arrest was therefore lawfully seized. Accordingly, we affirm the trial court's denial of the motion to suppress. See State v. Nichols, 52 So. 3d 793, 795 (Fla. 5th DCA 2010) ("[T]he arresting officer had probable cause to stop the defendant to issue him a citation because the officer could have reasonably concluded that the defendant was jaywalking."); State v. Williams, 119 So. 3d 544, 545-46 (Fla. 1st DCA 2013) ("We agree with the State that the officer had probable cause to stop Williams based on the violation of a pedestrian traffic statute, section 316.130[.]"); Heien v. N.C., 574 U.S. 54, 61 (2014) (holding that a search resulting from an objectively reasonable mistake of law by law enforcement does not implicate the exclusionary rule);[2] U.S. v. Rosian, 822 Fed. Appx. 964, 966 (11th Cir. 2020) ("The basis for a traffic stop 'can rest on a mistaken understanding of the scope of a legal prohibition.' As we stated when reviewing the lawfulness of a stop . . . 'an officer conducts a valid traffic stop even if he makes an objectively reasonable mistake of law.'") (citations omitted); Knapp v. State,

---

[2] See State v. Thomas, 207 So. 3d 928, 932 n.1 (Fla. 1st DCA 2016) (noting that Heien is binding on Florida courts by virtue of the Florida Constitution's conformity clause).

346 So. 3d 1279, 1281 (Fla. 1st DCA 2022) ("We need not parse out the full potential reach of the statute, however, because in this Fourth-Amendment context, the governing law asks only whether a potentially mistaken interpretation of the statute was objectively reasonable. Even if we assumed the deputy misinterpreted [the law], the mistake would be objectively reasonable.") (citations omitted); I.B. v. State, 239 So. 3d 773, 775 (Fla. 3d DCA 2018) ("In order to sustain a charge of resisting an officer without violence, the State must prove that the officer was engaged in the lawful execution of a legal duty and that the defendant's actions obstructed, resisted or opposed the officer in the performance of that duty. Importantly, the 'element of a lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrantless arrest.' . . . Having reviewed the record in the instant case, we conclude that the State presented competent substantial evidence to support the trial court's determination that the police officer had a founded suspicion . . . . Under these circumstances, and considering the observations made by the officer, the trial court properly determined there was founded suspicion to temporarily detain I.B. and, in resisting the officer's valid attempt to do so, I.B. committed the delinquent act of resisting an officer without violence." (quoting J.W. v. State, 95 So. 3d 372, 378 (Fla. 3d DCA

4

2012))); Ill. v. Wardlow, 528 U.S. 119, 125-26 (2000) (Unprovoked flight is the exact opposite of "going about one's business." While flight is not necessarily indicative of ongoing criminal activity, Terry[3] recognized that officers can detain individuals to resolve ambiguities in their conduct, and thus accepts the risk that officers may stop innocent people. If they do not learn facts rising to the level of probable cause, an individual must be allowed to go on his way. But in this case the officers found that Wardlow possessed a handgun and arrested him for violating a state law.); Chimel v. Cal., 395 U.S. 752, 762-63 (1969) ("When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated."); Ladson v. State, 63 So. 3d 807, 810 (Fla. 3d DCA 2011) ("As an appellate court, we must defer to the express finding of credibility by the trial court. We were not there. We did not see the witnesses testify. If believed, the [officer's] testimony supports the court's ruling. The trial judge . . . punctiliously performed the duties of her office in this case and did not devolve into a rubber stamp for law enforcement.") (internal quotation marks and citation omitted); State v. Jennings, 189 So. 3d 1001, 1002 (Fla.

---

[3] Terry v. Ohio, 392 U.S. 1 (1968).

4th DCA 2016) ("Deferring to the trial judge's evaluation of credibility, we affirm the order [on] the motion to suppress.").

Affirmed.